# Dexter v. Strobach.

### Statutory Real Action in Nature of Ejectment.

1. *Homestead exemption.*—Land which is remote from the owner's residence, on which there is no dwelling-house, and which is rented out to a tenant, can not be claimed as a homestead exempt from levy and sale under legal process.

2. *Sale of lands under execution; purchase by sheriff's wife.*—A sale of lands by the sheriff, under execution, to his own wife as purchaser, is voidable at the option of the defendant, but is not absolutely void; and if the defendant takes no steps to set it aside, he can not resist an action by the wife as purchaser, on the ground that the sale and sheriff's deed passed no title.

APPEAL from the Circuit Court of Montgomery.

Tried before the Hon. JAMES Q. SMITH.

This action was brought by Mrs. Rosalie Strobach, to recover the possession of a tract of land near the city of Montgomery, and was commenced on the 5th May, 1873. Mrs. H. S. Dexter was made a party defendant, as landlord, on her own motion, and pleaded—1st, not guilty; 2d, that the land sued for was exempt to her as a homestead under the constitution and laws of Alabama; and, 3d, that the plaintiff was the wife of Paul Strobach, who, as sheriff of said county, had sold the lands under execution against the defendant, and her purchase at the sheriff's sale was contrary to public policy and void. The court sustained a demurrer to the second and third pleas, and the cause was tried on issue joined on the first. On the trial, as the bill of exceptions shows, the plaintiff offered in evidence the sheriff's deed for the premises, executed to her as the purchaser at a sale made under execution against the defendant, on the third Monday in April, 1873, and the judgment on which the exe-

cution was issued. "The defendant then proved, that she had been an inhabitant of this State, and the head of a family, for ten years; that previous to said sale by the sheriff, and after the levy of said execution, she made, subscribed, and swore to an affidavit that the said premises embraced the whole of her real estate in Alabama, was not located in any city, town, or village, not exceeding four acres in quantity, nor one thousand dollars in value, and that she claimed the same as exempt from levy and sale under said execution; that she delivered said affidavit and claim of exemption to the sheriff before said sale took place, and that she now claims said premises as exempt. It was further proved by the defendant, that she did not reside on said premises, but rented the same out to one Arrington, from which she derived her sole income; and that at the time of said claim of exemption, and at the time of said sale, she resided on a lot in the city of Montgomery, which she rented by the year. It was proved, also, that the plaintiff was at the time of the sale, and is now, the wife of said Paul Strobach, the sheriff. This was all the evidence; and the court thereupon charged the jury, on the written request of the plaintiff, that they must find for the plaintiff if they believed the evidence." The defendant excepted to this charge, and she now assigns it as error, together with the sustaining of the demurrer to the second and third pleas.

R. M. WILLIAMSON, for appellant, cited *Melton v. Andrews*, 45 Ala. 454; *Davone v. Funning*, 3 Johns. Ch. 252; Rorer on Judicial Sales, 134-40.

STONE & CLOPTON, *contra*, cited *Kaster v. McWilliams*, 41 Ala. 302; *Elston v. Robinson*, 23 Iowa, 211; *Holden v. Pinney*, 6 Cal. 285; *Wisner v. Farnham*, 2 Mich. 472; *Prior v. Stone*, 19 Texas, 371; *Horn v. Taft*, 39 N. H. 478; *Turc v. Morrill*, 28 Vermont, 672; *Daniel v. Modawell*, 22 Ala. 365.

MANNING, J.—The provisions of the constitution of 1868, and of the statutes in force from 1865 to that time, concerning the exemption of homesteads from execution, required that the property so exempt should include the dwelling-house thereon, or house occupied as such by the claimant.— *Kaster v. McWilliams*, 41 Ala. 302; *McConnaghey v. Baxter*, and *Miller v. Marx*, at the present term.

In the present case, the property claimed as exempt under those laws had no dwelling-house on it, and was not part of, or adjacent to any land, on which appellant had a dwelling-house. It was remote from appellant's residence, and was

[Trammell v. Hudmon & Brother.]

leased to a third person, who was paying rent therefor. It was not, therefore, exempt as a homestead from sale under execution.

2. The objection made to the sale of the land in controversy by the sheriff, to his own wife, might have been effectual if application had been made to the court from which the execution issued, to set the sale aside, or to a court of chancery for such relief. A sale by one acting as agent, trustee, sheriff, or otherwise, of the property of another, to himself, is voidable at the option of the owner of the property, but not void. This rule is applicable to a sale by such intermediate vendor to his wife. If, though, notwithstanding a sheriff's sale of real estate, the defendant in execution intends to insist that he continues to be the owner, some step must be taken to prevent the sheriff's deed from operating as a conveyance. Action must be had for undoing what has been done, that the parties may be restored, as nearly as possible, to their situation before. It will not do, that the party to whom the option belongs, either to insist upon or to repudiate the sale, shall both keep the land, and have the benefit of the purchase-money. If nothing be done to procure a rescission, it must be presumed that the owner acquiesces in the sale, and the deed will be received as a valid conveyance of the property to the purchaser. This was the condition of the case now before us, when on trial in the Circuit Court.

Its judgment must be affirmed.

STONE, J., having been of counsel, did not sit in this cause.