**In re Elizabeth M. BRASINGTON, Robert W. Brasington, III, Debtors.**

**Von G. MEMORY, Trustee, Plaintiff,**

**v.**

**Elizabeth M. BRASINGTON, Robert W. Brasington, III, Defendants.**

**Bankruptcy No. 80–01740.**

United States Bankruptcy Court, M. D. Alabama.

March 6, 1981.

jecting to the Debtors' claim for a homestead exemption.

An Order setting the Motion for hearing was issued on February 2, 1981, and set the date for hearing at 2:00 p. m., February 23, 1981, at Montgomery, Alabama. Notice was supplied to the Trustee and to the Debtors and their attorney.

The Motion was called at the appointed time and place. Present were the Trustee, the Debtors and their attorney. Testimony was taken from Jan Wilson, Jill Wilson and Elizabeth Brasington.

The issue before the Court is whether the Debtor's claim to homestead exemption in property located at 3103 LeBron Road in Montgomery, Alabama should be allowed under applicable law.

## FINDINGS OF FACT

The Brasingtons listed their home at 3103 LeBron Road for sale in May of 1980. They hired Jill Wilson, a realtor with Sawyer Group as their agent. They were attempting to sell the house to pay some debts, including debts for improvement of the home at 3103 LeBron which improvement debts ultimately amounted to over $100,-000.00.

Then on June 20, 1980, the Brasingtons filed bankruptcy under Chapter 13 in hopes of working out something with their creditors and thus avoiding a sale of their home. But their plan was not approved. The Court in Chapter 13 suggested that the house would have to be sold and certain debts paid therefrom before a plan would be feasible. The case was dismissed on September 5, 1980.

In the meantime there had been two contracts to purchase the house in August of 1980. The Brasingtons thought they had sold the house for $89,000.00 in that month. The last contract closing was to have been September 5, 1980; however, both proposed sales fell through.

Believing however that they had sold the house, the Brasingtons moved out and

Von G. Memory, Trustee, Montgomery, Ala., for plaintiff.

Bob E. Allen, Montgomery, Ala., for defendants.

## OPINION AND ORDER ON TRUSTEE'S MOTION OBJECTING TO HOMESTEAD EXEMPTION

RODNEY R. STEELE, Bankruptcy Judge.

On January 28, 1981, Von G. Memory, Trustee in bankruptcy, filed a Motion ob-

moved to 315 South Capitol Parkway on or about September 12, 1980. They left some household goods at 3103 LeBron Road but most of their belongings were moved.

Jan Wilson was the owner of the house at 315 South Capitol Parkway and had her house for sale with Justice Realty Company at the beginning of September 1980. She was told by her realtor that her house had been sold to the Brasingtons and that she would have to move out by September 5, 1980. She testified that the Brasingtons had moved into the house by September 12, 1980. Then the sale of the house to the Brasingtons fell through; they entered into an oral contract with David Justice, Ms. Wilson's realtor; he bought the house from Jan Wilson, and rented it to the Brasingtons with an option to purchase. The first payment on the house at 315 South Capitol Parkway was made by the Brasingtons on September 15, 1980. The Brasingtons have been living in that house continuously since September.

After the Chapter 13 dismissal the Brasingtons filed a petition in bankruptcy under Chapter 7 on October 15, 1980. They claimed a homestead exemption in the property at 3103 LeBron Road in the bankruptcy petition. The Trustee objects to the claim of homestead exemption on the grounds that the Debtors were not in physical possession of the property on the date of the filing of the petition in bankruptcy.

The Code of Alabama 1978 at Section 6–10–11 provides for exemptions Alabama residents may claim in Federal bankruptcy.

... [T]here shall be exempt from the property of the estate of an individual debtor only that property and income which is exempt under the laws of the State of Alabama and under Federal laws other than Subsection (d) of Section 522 of said Title 11 of the United States Code.

This Alabama statute on homestead preempts 11 U.S.C. § 522(d). See 11 U.S.C. § 522(b)(1). The effective date of the preemptive Alabama amendment to the exemption statute of Alabama was May 19, 1980, which preceded the Brasington's date of filing in bankruptcy.

Code of Alabama 1975, Section 6–10–2 defines the homestead exemption in Alabama, applicable, then in bankruptcy, and gives debtors a $5,000.00 homestead exemption.

## CONCLUSIONS

■ An essential element of the right of homestead is actual occupancy at the time the property is claimed as exempt. At the date of bankruptcy there must be occupancy in fact and a clearly defined intention of present residence and occupancy. *Blum v. Carter*, 63 Ala. 235 (1879). Intention without occupancy does not create the homestead right. 40 Am.Jur.2d, Homestead § 75. It is the home where the family dwells that is subject to a claim for homestead. It does not extend to a house in which the family does not dwell. *Jaffrey v. McGough*, 88 Ala. 648, 7 So. 333 (1890).

■ A family cannot have two homesteads. When the evidence shows that a debtor occupies premises in the manner contemplated by the homestead statute, he may not claim homestead in respect of another residence. Where it is shown that he no longer occupies the disputed property and has established a residence elsewhere, he may not successfully assert the homestead right. 40 Am.Jur.2d, Homestead § 74. Ownership and *occupation* are the essential conditions. *McConnaughy v. Baxter*, 55 Ala. 379. "Unless devoted to use and occupancy as a home, a dwelling place, protection is not extended to it. It is because of its use and occupancy as a home—to secure and preserve it as such—that exemption from sale under judicial process is granted." *Dexter v. Strobach*, 56 Ala. 233.

■ At the date of filing in bankruptcy, October 15, 1980, the Brasingtons were no longer living in the house at 3103 LeBron. They had established a residence at 315 South Capitol Parkway one month before bankruptcy. They had no intention of returning to the house at 3103 LeBron to permanently reside. They moved out, because they knew they must sell the house to pay debts. They could not continue to live there whether in bankruptcy or not, and they knew it. They did not occupy the house as their principal residence at the

date of bankruptcy. They had, at most, a hope that by some fortuitous circumstance they might one day return to the house on LeBron.

Taking all the evidence presented into account, the Brasingtons are not entitled to a homestead exemption in the house located at 3103 LeBron Road because it was not their residence at the date of bankruptcy.

It is therefore ORDERED

That the homestead exemption claimed by Robert W. Brasington and Elizabeth M. Brasington in the house at 3103 LeBron Road, Montgomery, Alabama should be and is hereby DISALLOWED.