In re James Lawrence QUINLAN, Debtor.

Ed HILL, Trustee, Plaintiff,

v.

James Lawrence QUINLAN, Defendant.

Bankruptcy No. 81–0109.

United States Bankruptcy Court, M. D. Alabama.

July 16, 1981.

Larry W. Roney, Phenix City, Ala., for plaintiff (trustee).

Charles M. Evert, Columbus, Ga., for defendant.

## OPINION ON COMPLAINT OBJECTING TO THE CLAIM OF HOMESTEAD EXEMPTION; TO VOID SECURITY DEED; AND FOR LEAVE TO SELL PROPERTY

RODNEY R. STEELE, Bankruptcy Judge.

On March 30, 1981, the Trustee filed a Complaint objecting to the claim of a home-

stead exemption in certain property held by the Trustee in this estate, and the Complaint further seeks to avoid a security deed given by the Debtor to his attorney after the date of bankruptcy, and further seeks leave to sell that property for the benefit of this estate.

By a Summons and Notice of Trial entered on April 10, 1981, the Complaint was set to be heard at Opelika, on May 7, 1981. Notice was supplied to the Debtor and his attorney, to the Trustee, and to the Plaintiff's attorney.

An Answer was filed on May 1, 1981, by the Defendant in which he admits certain allegations of the Complaint and denies others. In separate and specific defenses to the Complaint, the Debtor demurs generally, avers specifically that at the date of bankruptcy he maintained his principal place of residence at the property in question and is entitled to a homestead exemption under the Bankruptcy Code of 1978 and Section 6–10–2 of the Code of Alabama 1975 as amended, which latter section sets up the homestead exemptions for residence of Alabama.

For a third and separate defense the Defendant alleges that if · he is denied his homestead exemption, then Section 6–10–2 of the Code of Alabama is unconstitutional in violation of equal protection clause of the Fourteenth Amendment of the United States Constitution, in that it treats homeowners and non-homeowners differently. It is alleged that such classification is unreasonable, arbitrary and invidious and has no rational basis.

A fourth and final defense is that Section 6–10–2 is unconstitutional because the Legislature of Alabama was not empowered under the Alabama Constitution to enact such legislation without a Constitutional Amendment granting it such authority.

On May 4, 1981, inasmuch as the Answer raised constitutional issues relating to an Act of the Alabama Legislature, notice was supplied to the Attorney General of the State of Alabama pursuant to Alabama Code Section 6–6–227 and inviting intervention by the State if it so desired.

The Attorney General declined to intervene in the cause, but did file a brief.

The matter was continued by the Court to be taken up on June 3, 1981, at Opelika.

On June 3, 1981, at Opelika the matter was submitted without the taking of any testimony but upon brief oral argument of counsel and upon the submission of briefs.

## FACTS

The brief of Defendant outlines the history of the title of the subject property.

This property described as Lot 2, Block "B" of the Green Acres Subdivision in Lee County, Alabama, became the property of the Debtor's parents on September 5, 1972, by a deed to them with right of survivorship. The Debtor's father' died and the Debtor's mother acquired fee simple title to the property by the deed and subsequently conveyed the property to herself and Debtor in fee simple with a right of survivorship on June 27, 1975. On May 9, 1980, the Debtor quit claimed his interest in said property to his mother and on August 11, 1980, filed his voluntary petition in bankruptcy in this case.

Trustee in the case thereafter filed an application with this Court to set aside the quit claim deed and reinstate the former title, that is, the joint tenancy between Debtor and his mother with the right of survivorship.

Debtor's mother died on September 19, 1980, within 180 days after the Debtor had filed his bankruptcy.

The Debtor was not residing on the subject property at the date of his bankruptcy. The brief of the Defendant states as a reason for this non-residence that his mother who did reside on the subject property, had disapproved of his marriage and because of the disharmony between Debtor's wife and the mother, the Debtor and his wife were staying at a different location after January 15, 1980. The brief asserts that the Debtor did physically occupy the subject property after his mother became hospitalized in 1980 and that he was in fact

occupying the property on the date of her death, which was after the date of bankruptcy.

The determination made by this Court on March 6, 1981, upon Trustee's application to set aside and cancel the quit claim deed as a fraudulent conveyance was based upon the provisions of Section 548(2) of the Bankruptcy Code of 1978 and upon the provisions of Code of Alabama 1975 Section 8–9–6, relating to fraudulent conveyances.

## CONCLUSIONS

### 1. *Status of the title.*

The first question raised by the pleadings and by the briefs in this case relate to the status of the title at the date of bankruptcy on August 11, 1980. And on that date, it is indisputable that the Debtor had no interest in the real estate. He had quit claimed all of his interest in that property to his mother on May 9, 1980, and we think it is clear that as of that date the mother, who was still alive, owned all of the interest in the property.

And if Trustee had not attacked the quit claim deed and had it set aside in accordance with the Order of March 6, 1981, the mother's property upon her death on September 19, 1980, would have gone to her named devisees or by inheritance to her heirs at law. The Defendant's brief asserts that the Debtor did not take a testamentary disposition on this real estate. The brief further asserts that the fee simple title upon the death of the mother could not have vested in the Debtor by inheritance because the Debtor's mother died testate, and that as a consequence the property did not and could not have fallen to the Debtor at the date of his mother's death through the laws of descent and distribution from an intestate in Alabama.

We do not have the will before us. We are unable to tell whether there was a residuary clause or whether a devise of the property under the mother's will lapsed for some reason.

But we are clear to the conclusion that once the otherwise valid quit claim deed was set aside by the Trustee under his special powers, the Debtor's title, under the quit claim deed was in this estate,[1] which consisted of a joint ownership with the mother with a right of survivorship, by virtue of the joint deed with right of survivorship executed on June 27, 1975.

Upon the demise of the mother on September 19, 1980, after the date of bankruptcy, the Debtor would then have become vested with the full fee simple title, not by inheritance but by virtue of the survivorship deed. The Trustee for the Debtor then became entitled to the same rights. It is argued on this point, that since the rights by virtue of the survivorship deed vested after the date of bankruptcy but within 180 days, it still could not vest in the Trustee in this case because Section 541(a)(5) of the Bankruptcy Code provides that the estate of the Debtor shall include all property wherever located including an interest in property that would have been property of the estate if such interest had been an interest of the Debtor on the date of the filing of the petition and which the Debtor acquires or becomes entitled to acquire within 180 days after such date by bequest, devise or inheritance. The argument made in brief by the Defendant is that this property did not come to Debtor by bequest, devise, or inheritance. If we conclude that the argument in brief made by the Defendant is correct, that the Debtor's mother did not make a testamentary disposition of this real estate by devise to her son, this Debtor, then the first two conditions are not met, that is, it did not come to the Debtor by bequest or devise. But Debtor goes too far when he argues that the property would not have come to him by inheritance under the law of Alabama. Property which lapses under a bequest or devise or which is not subject to any residuary clause of a will, must necessarily go by inheritance under the laws of descent and distribution. Code of Alabama 1975, Section 43–1–7. The title to real estate may not remain in limbo.

---

1. Section 551, Bankruptcy Code of 1978.

■ But this is not the issue in this case. The issue in this case concerns the derivation of title by the Trustee. And that title in Trustee is derived from the quit claim deed and the deed with a survivorship clause, which is reinstated by the Order of March 6, 1981. That Order effectively placed a fee simple title with right of survivorship in the Trustee. That interest became complete without any limitations from the death of the mother after the commencement of the case and fits, we think, precisely into the definition of Section 541(a)(7) that the property of the estate includes "any interest in property that the estate acquires after the commencement of the case."

And it must be clear that the interest contingent in the mother until her death became vested in the estate and not in the Debtor in this case.

Our conclusion on this head is that the Trustee faced with an otherwise valid quit claim deed which left nothing in the estate, avoided that deed, preserved the transfer for the estate and brought into the estate all of the interest in this real property subject to the survivorship rights as set out in the deed of June 27, 1975. The Debtor had no interest in the property at the date of bankruptcy in fact.

## 2. *The right of exemption.*

■ If the Debtor in fact had no interest in this property at the date of bankruptcy and the Trustee recovered it by virtue of his, Trustee's, avoiding powers, then the Debtor had no property in which he could claim an exemption as of the date of bankruptcy.[2] He had no interest in that property. Under Alabama law, he must have some interest. *Beard v. Johnson,* 87 Ala. 729, 6 So. 383.

■ Moreover we are satisfied that the Debtor had no present intention of making the property his homestead. We are not impressed that the disharmony between Debtor's mother and his wife is an extenu-

ating factor in this exemption question. The son and wife resided at a different location in Russell County, Alabama from that of the mother's home, this subject property. If Debtor intended to reside with his wife, which he apparently did, he intended to reside with her at a different location from that of his mother's home. In short people leave home for a great many reasons, but when they have left home with the intention of not remaining there, they have made a residence at another place. Actual occupancy or the intent to actually occupy prevented only by unavoidable circumstances such as need for repairs is a prerequisite to claiming a homestead exemption in Alabama. See *Smith v. Denaburg,* 283 Ala. 509, 218 So.2d at 838 (1969).

## 3. *The Constitutional issues.*

■ Since the conclusion must be as set out in numbered paragraphs 1 and 2 of the conclusions above that the Debtor has no interest in this property upon which he can claim homestead exemption, we conclude that he has no standing to raise the Constitutional issue.

■ But if he did have such standing his attack on the grounds that homeowners and non-homeowners are treated differently under the Alabama Exemption Statute and that such classification is unreasonable, arbitrary and invidious and has no rational basis, must fall before the most cursory examination of homestead laws and the reasons for such laws. Suffice it to say that such classifications for exemption purposes have been sustained in numerous decisions on the basis that such laws encourage home ownership, the preservation to the homeowner of a place for himself and his family to live and the avoidance of casting such homeowners on the public welfare as charges of the state. See 40 Am.Jur.2d, Homestead § 4 and 31 Am.Jur.2d, Exemptions § 5. The very purpose of the Bankruptcy Act and the recognition of Exemptions is to provide a fresh start. Such classification is then, not unreasonable, is not

---

**2.** The Debtor's rights under 522(g) are not available to him since he voluntarily transfer-

red the property by quit claim to his mother on May 9, 1980.

arbitrary or invidious and in fact reflects a legitimate public purpose.

Nor can we say that the provisions of Title 11 U.S.C. § 522(d)(5) constitute a binding determination of the intent and meaning of the United States Constitution, Article Fourteen. Such a provision was a permissible policy determination of the Congress and that same Congress gave the states under Section 522(b) the right to avoid such policy determination by substituting their own policy determinations.

██ As to the fourth separate defense raised by Defendant, that is, that Section 6–10–2 of the Code of Alabama 1975 as amended, granting a homestead right, is unconstitutional because the Legislature was not empowered by the Constitution of Alabama, we think the Constitution of Alabama did provide such power to the Legislature. The mere fact that the Constitution of Alabama does not provide for as large a homestead exemption as has been provided by the State Legislature does not mean that the Legislature is without power to provide for a homestead. It could not under any circumstances provide less than is required by the Constitution of Alabama, but there is no prohibition in that Constitution against an enlargement of such rights. *Miller v. Marx*, 55 Ala. 322 (1876); *David v. David*, 56 Ala. 49 (1876); Constitution of Alabama 1901, Section 205, Article X.

We conclude finally that the Debtor at the date of bankruptcy had no property rights in this real estate, and that Trustee recovered the property under his own powers in the Bankruptcy Code and under the laws of Alabama, and that thereafter the interest which the Trustee did acquire by avoidance was increased by the death of the mother which absolutely vested all of the interest in that property in Trustee as owner not only of an undivided one-half interest in fee, from the Debtor, but also the Debtor's right to acquire the whole interest in the property upon the death of his mother without a severance. See Section 35–4–7, Code of Alabama 1975.

Nor can the Debtor claim any exemption rights in this property since he did not own any interest in the property at the date of bankruptcy, and since he did not reside or actually occupy that property at the date of bankruptcy.

An appropriate Order will enter.