**In re James L. WILLIAMS & Hazel E. Williams, Debtors.**

**Bankruptcy No. 85–00508–2.**

United States Bankruptcy Court, W.D. Missouri.

Jan. 15, 1988.

Barbara Williams, Kansas City, Mo., for debtors.

Charles E. Rubin, Kansas City, Mo., trustee.

## MEMORANDUM OPINION

FRANK W. KOGER, Bankruptcy Judge.

The debtors, James L. Williams and Hazel E. Williams, filed their Chapter 13 proceeding in early 1985 and their plan was duly confirmed. In July of 1987, James L. Williams died and on August 27, 1987, Hazel E. Williams filed her Application to Convert the existing Chapter 13 to a Chapter 7. In that Application, Mrs. Williams alleged, inter alia:

2. That Mr. Williams had no life insurance; that the medical bills from his last illness exceed $16,000.00; that debtor's weekly income is between $150.00 and $200.00; and she does not qualify for Social Security benefits.

The proceeding was duly converted, schedules filed, and Charles E. Rubin, Esquire, appointed Trustee. Apparently at the § 341 meeting the Trustee discovered that Mrs. Williams had received life insurance proceeds and that discovery precipitated debtor's attempted amendment of her schedule of exemptions. The Trustee objected to the schedule entitled "Second Amended Exemptions" which led to the hearing from whence this Opinion.

Debtor received the following sums from the listed sources and claims exemption as set out below:

| Amount | Source | Claimed Authority for Exemption |
|---|---|---|
| $ 3,269.92 | Social Security Survivor's Benefit | VAMS 513.430(10)(c) |
| $8,000.000 | Old American Ins. Co. | VAMS 377.090, 377.330, 513.430(8) |
| $25,316.50 | Prudential Ins. Co. | VAMS 377.090, 377.330, 513.430(8) |

The Trustee concedes that the proceeds from the Social Security Survivor's Benefit are exempt under VAMS 513.430(10)(c). However, the Trustee denies that either VAMS 377.090 or VAMS 377.330 or VAMS 513.430(8) exempt the $25,316.50 received from Prudential Insurance Company or the $8,000.00 from Old American Insurance Company.

The Court must agree with the Trustee even though that agreement causes a harsh and unhappy result in the instant case. The reason for the Court's agreement is that the exemptions cited by debtor encompass unmatured insurance policies and not yet vested benefits to a named beneficiary. Section 513.430(10)(c) VAMS provides as follows:

"(c) A disability, illness or unemployment benefit;"

Section 377.090 VAMS provides as follows:

"The money or other benefit, charity, relief or aid to be paid, provided or rendered by any corporation authorized to do business under sections 377.010 to 377.190, shall not be liable to attachment or other process, and shall not be seized, taken, appropriated or applied by any legal or equitable process, nor by operation of law, to pay any debt or liability of a policy or certificate holder, or any beneficiary named in a policy or certificate."

Section 377.330 VAMS provides as follows:

"The money or other benefit, charity, relief or aid to be paid, provided or rendered by any corporation authorized to do business under sections 377.200 to 377.460, shall not be liable to attachment or other process, and shall not be seized, taken, appropriated or applied by any legal or equitable process, nor by operation of law, to pay any debt or liability of a policy or certificate holder, or of any beneficiary named in a policy or certificate."

When debtor Hazel E. Williams converted to Chapter 7, her husband was already dead, the insurance policies had matured, and her rights as a beneficiary were vested and fixed. The United States Court of Appeals, Eighth Circuit, had occasion to determine that issue in a far different context. In a case arising out of an appeal from the Tax Court of the United States, the Eighth Circuit said:

"...

This statute, as we read its language and the expressions of the Missouri courts relating to it, simply creates a protective immunity, from seizure by attachment or appropriation through other legal or equitable process, for whatever benefits may be provided for by such a policy in favor of the holder or the beneficiary thereof, as against the claims of any creditor of either, *so long as such benefits constitute merely something "to be paid" or in other words represent only a matter of unripened or unmatured or unfixed policy obligation, under the term of the contract.* Stated differently —its object would appear to be primarily to deprive creditors, as a matter of state policy and interest in preserving life insurance in force in the State, of the power to destroy the existence or effect of cancellation of any "old line" or reserve-plan life insurance policies, through attempts to reach the premiums paid, the cash surrender value thereof, or such other benefits as have been provided for therein, so long as the obligation of the insurer to pay these benefits—whatever their nature may be—has not ripened or matured or become fixed in accordance with the terms of the contract." *Reinecke v. Commissioner of Internal Revenue,* 220 F.2d 406 (8th Cir.1955).

There are a number of cases in the state court system to the same effect. Basically, these exemptions cover only unmatured insurance contracts. The Court, therefore, rules that the Trustee's Objection to the Amended Exemption is well taken and DISALLOWS the claimed exemptions to the extent of $28,816.50. The differential between $33,316.50 and $28,816.50 is based

on the tacit if reluctant agreement of the Trustee that the $4,500.00 spent from the proceeds to provide funeral services for James L. Williams should not be pursued in view of the fact that Hazel E. Williams has no other assets or prospects of obtaining same in the foreseeable future.