This is an action to quiet title to real property located in Cherokee County, Alabama. The question presented is whether the surviving spouse of a decedent who died while domiciled in a state other than Alabama can utilize provisions of the Alabama Probate Code to claim a homestead allowance in real property located in Alabama.
Beatrice and Clyde Goss were married in 1955. During part of their marriage the Gosses lived on the property that is the subject of this dispute. That property was conveyed to Clyde by Shelby and Inez Mann, Beatrice's parents, on October 8, 1966. Beatrice was not named as a grantee in that instrument. In 1971, Beatrice and Clyde began to have marital difficulties, and Beatrice left the residence because of marital strife. She thereafter lived apart from Clyde, except for one period lasting for six weeks. Both Beatrice and Clyde sought a divorce in 1972, but their petitions were denied by the Circuit Court of Cherokee County, presumably because at that time irretrievable breakdown of the marriage was not a ground for divorce. Although neither party took any further action to dissolve the marriage, they never again lived together. It is clear from Beatrice's testimony that she did not take any action, during Clyde's lifetime, to assert whatever interest she may have had in the property.
In 1981, Clyde executed a deed conveying the property to his sister, Katherine G. Gowens, without securing Beatrice's signature to the conveyance. At that time, and for the remainder of his life, Clyde was domiciled in Georgia. Clyde died intestate on August 25, 1987.
On April 5, 1988, Beatrice filed a complaint against Gowens in the Circuit Court of Cherokee County. She alleged that both she and Gowens claimed sole ownership of the property. Beatrice requested the court to determine each party's interest in the property and, if the court found that both she and Gowens had an interest in the property, to order a sale and division of the proceeds. Gowens answered, averring that she was the sole owner of the property, and filed a counterclaim to quiet title.
The trial court entered a judgment holding that the conveyance by Clyde to Gowens was valid, but that Gowens's interest was subject to the homestead interest of *Page 521 
Beatrice. The trial court held that Beatrice retained her interest because she did not leave the property voluntarily, but had been caused to leave by marital strife. The trial court denied Beatrice's request for a sale of the property, citingRichardson v. Richardson, 417 So.2d 158 (Ala. 1982).
Following that judgment, Gowens filed a motion to vacate the judgment and for a new trial. Gowens contended that Ala. Code 1975, § 43-8-110 (Supp. 1988), which establishes homestead allowances for surviving spouses, requires that the decedent be domiciled in Alabama at the time of death in order for the allowance to apply. The trial court denied that motion, holding that Gowens's construction of § 43-8-110 was too narrow and would violate the policy that gave rise to homestead statutes. The trial court also held that under Ala. Code 1975, § 6-10-3, Clyde's conveyance to Gowens would be void because of his failure to secure Beatrice's signature to the conveyance. However, because the property conveyed appeared to exceed the value of the homestead allowance, $6,000, the trial judge did not void the conveyance, but held that Gowens's interest was subject to Beatrice's homestead interest.[1] It is from this ruling that Gowens appeals.[2]
Because we are unsure what homestead interest the court declared Beatrice to have, we will discuss each kind of homestead interest.
 The Constitutional Right to a Homestead Exemption
Article X, § 205, of the Alabama constitution provides for a homestead exemption. That section reads as follows:
 "Sec. 205. Homestead not exceeding eighty acres or city, town or village lot not exceeding two thousand dollars in value exempt from sale, execution or other process of court issued for collection of debt; exception as to mortgages.
 "Every homestead not exceeding eighty acres, and the dwelling and appurtenances thereon, to be selected by the owner thereof, and not in any city, town, or village, or in lieu thereof, at the option of the owner, any lot in a city, town, or village, with the dwelling and appurtenances thereon owned and occupied by any resident of this state, and not exceeding the value of two thousand dollars, shall be exempt from sale on execution or any other process from a court; for any debt contracted since the thirteenth day of July, eighteen hundred and sixty-eight, or after the ratification of this Constitution. Such exemption, however, shall not extend to any mortgage lawfully obtained, but such mortgage or other alienation of said homestead by the owner thereof, if a married man, shall not be valid without the voluntary signature and assent of the wife to the same."
(Emphasis added.)
The requirement of a spouse's signature on a conveyance is intended to protect that spouse from a conveyance of the homeplace without his or her assent. Leonard v. Whitman,249 Ala. 205, 30 So.2d 241 (1947).
For § 205 to apply, the property must qualify as a homestead. One of the requisites is that the property must be the actual place of residence. Wildman v. Means, 208 Ala. 487, 94 So. 823
(1922). However, a temporary absence from the property will not be construed as an abandonment if the person seeking to invalidate the alienation has the intention to return to the property. In those situations, the requirement of occupancy may be satisfied by a finding of constructive occupancy.McConnaughy v. Baxter, 55 Ala. 379 (1876).
At the time of the conveyance to Gowens, neither Beatrice nor Clyde lived on the property, and there is no evidence that either party intended to return to it. There is some dispute as to whether Beatrice *Page 522 
left the property voluntarily or was driven off. The trial judge determined that Beatrice did not leave voluntarily and attached great significance to that conclusion. This Court agrees that, under the proper circumstances, a forcible ouster should not deprive a spouse of his or her rights in the homestead. To hold otherwise would allow one spouse to fraudulently convey away the other spouse's interest in the homestead. Cf. Lewis v. Lewis, 201 Ala. 112, 77 So. 406 (1917). However, the record in this case shows that Beatrice waited 17 years, an unreasonably long time, to assert her purported rights in the property. Beatrice did not attempt to regain or assert any rights in the property from the time she left in 1971 until after Clyde's death in 1988. Her failure to assert whatever rights she may have had leads this Court to the conclusion that she lacked the intention to return to the property and claim it as her homestead.
At the time of the conveyance the property was not occupied by either Clyde or Beatrice, and neither party showed an intention to return to the property after leaving. Therefore, the property was not their "homestead" as that term is used in § 205, McConnaughy, supra, at 382-83, and Clyde was under no obligation to secure Beatrice's signature and assent to the conveyance. His failure to do so does not invalidate the conveyance of the property to Gowens, and the property is not otherwise subject under § 205 to a homestead interest in favor of Beatrice.
 The Statutory Right to a Homestead Exemption
Ala. Code 1975, § 6-10-2 (Supp. 1988) and § 6-10-3, are essentially a codification of Article X, § 205, of the Alabama Constitution. However, there are some material differences, such as increases in both the acreage and value of land that can be exempt, and the inclusion of mobile homes as homesteads. It is clear from the language of these statutes that they, like § 205, were intended to protect the homes of debtors and their families:
"§ 6-10-2. Homestead exemption — Amount; area.
 The homestead of every resident of this state, with the improvements and appurtenances, not exceeding in value $5,000 and in area 160 acres, shall be, to the extent of any interest he or she may have therein, whether a fee or less estate or whether held in common or in severalty, exempt from levy and sale under execution or other process for the collection of debts during his or her life and occupancy and, if he or she leaves surviving him or her a spouse and a minor child, or children, or either, during the life of the surviving spouse and minority of the child, or children, but the area of the homestead shall not be enlarged by reason of any encumbrance thereon or of the character of the estate or interest owned therein by him or her. When a husband and wife jointly own a homestead each is entitled to claim separately the exemption provided herein, to the same extent and value as an unmarried individual. For purposes of this section and section 6-10-38 and 6-10-40, a mobile home or similar dwelling if the principal place of residence of the individual claiming the exemption shall be deemed to be a homestead."
(Emphasis added.)
Actual occupancy of the property is a threshold requirement of § 6-10-2, as it is of § 205. In re Quinlan, 12 B.R. 824
(Bankr.M.D.Ala. 1981); In re Brasington, 10 B.R. 76
(Bankr.M.D.Ala. 1981). The nature of the required occupancy has been described as "occupancy in fact and a clearly defined intention of present residence and occupancy." In reBrasington, supra, at 78 (citing Blum v. Carter, 63 Ala. 235
(1879)). There is a line of cases holding that a widow's right to a homestead interest will not be defeated by her departure from the property after her interest has vested. However, those cases recognize that the property concerned must be occupied by the husband at the time of his death. See, Cox v. McLemore,236 Ala. 559, 183 So. 860 (1938); Bodeker v. Tutwiler, 211 Ala. 537,100 So. 776 (1924); Johns v. Cannon, 199 Ala. 138,74 So. 42 (1917); *Page 523 Gist v. Lucas, 122 Ala. 557, 25 So. 41 (1899); Norton v.Norton, 94 Ala. 481, 10 So. 436 (1892). Because neither Clyde nor Beatrice occupied the property at the time of Clyde's transfer to Gowens and because Beatrice never before his death showed any intent to return, § 6-10-2 cannot be utilized to give Beatrice an interest in the property. Also, because the property does not qualify as a homestead under § 6-10-2, the signature requirement of § 6-10-3 is not applicable and does not operate to void the conveyance by Clyde to Gowens.
 The Statutory Right to a Homestead Allowance
Ala. Code 1975, § 43-8-110 (Supp. 1988), provides for a $6,000 allowance to the surviving spouse or minor children of the decedent; this allowance is in addition to any provision in the decedent's will, or in addition to any share received by intestate succession or by way of elective share. The purpose of § 43-8-110 is to preserve a portion of the decedent's estate from creditors and to protect the surviving spouse and minor children. Cater v. Coxwell, 479 So.2d 1181, 1183 (Ala. 1985). The homestead allowance created by § 43-8-110 can be satisfied by any assets within the decedent's estate. It is not confined to real property. Garrard v. Lang, 514 So.2d 933, 934 (Ala. 1987).
In order for the surviving spouse to receive the homestead allowance provided by § 43-8-110, the decedent must have been domiciled in Alabama at the time of his death. The relevant language is set out below:
"§ 43-8-110. Homestead allowance.
 "(a) A surviving spouse of a decedent who was domiciled in this state is entitled to a homestead allowance. . . ."
There is no dispute that Clyde was domiciled in Georgia at the time of his death. Therefore, his surviving spouse, Beatrice, is not entitled to a homestead allowance under Alabama law.
For the reasons discussed above, the signature requirements found in Article X, § 205, of the Alabama Constitution and §6-10-3 are not applicable to Clyde's conveyance to Gowens, and Beatrice has no homestead interest in the property. We affirm the judgment insofar as it holds that that conveyance was valid, but we reverse the judgment insofar as it holds that Gowens's interest in the property is subject to a homestead exemption or allowance in favor of Beatrice.
AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.
HORNSBY, C.J., and MADDOX, ADAMS and STEAGALL, JJ., concur.
[1] The trial judge apparently confused the homestead allowance
provided in § 43-8-110, in the amount of $6,000, with the homestead exemption found in § 6-10-2, in the amount of $5,000, and therefore held that Clyde's conveyance to Gowens was subject to the signature requirement of § 6-10-3.
[2] Beatrice has not filed an appellee's brief.