**In re Charles Richard PETTIGREW and Anna Maude Pettigrew, Debtors.**

**Bankruptcy No. 89–20163–BKC–JJB.**

United States Bankruptcy Court, E.D. Missouri, N.D.

June 19, 1990.

Fredrich J. Cruse, Hannibal, Mo., trustee.

Vicki A. Dempsey, Hannibal, Mo., for trustee.

Gwendolyn S. Froeschner, Shurtleff & Froeschner, Columbia, Mo., for debtors.

## ORDER

JAMES J. BARTA, Bankruptcy Judge.

This matter is before the Court on the Motion of Anna Maude Pettigrew for a determination of her claim of exemption of certain life insurance proceeds. The facts are not disputed. Charles and Anna Pettigrew filed this Voluntary Chapter 7 Case on June 14, 1989. Within 180 days after the commencement of this case, Charles Pettigrew died. On November 28, 1989, Anna Maude Pettigrew filed this Motion stating that she had received a check from a life insurance company in the amount of $31,094.00, and requested that the Court allow the full amount of the proceeds as her exempt property. The Motion did not refer to a specific statute as the basis for the claim of exemption. The Trustee has opposed the Debtor's Motion, and has requested a turnover of all of the policy proceeds.

This Order is based upon a consideration of the parties' several memoranda, the oral argument presented at the formal and informal hearings on this matter, and the record as a whole. The Debtor's last memorandum filed on May 14, 1990, attempted to amend the claim of exemption to refer to Section 513.430(8) R.S.Mo.

■ The interest of Anna Maude Pettigrew in her deceased husband's life insurance policy became an asset of this estate pursuant to 11 U.S.C. § 541(a)(5)(C), as an interest that the Debtor acquired or became entitled to acquire within 180 days after the commencement of this case. The Debtor has argued that this interest is exempt pursuant to the principles of *In re Mitchell,* 73 B.R. 93 (Bankr.E.D.Mo., 1987) which recognizes a debtor's ability to exempt certain unliquidated claims. However, the asset to be administered upon here is the Debtor's interest in the life insurance policy which she acquired within 180 days after the commencement of this case, as a beneficiary of a life insurance policy or of a death benefit plan. This interest is not an unliquidated claim, and by the operation of Section 541(a)(5)(C) becomes an asset of the estate.

■ Congress at Section 541(a)(5)(C) has specifically provided that this type of interest becomes an asset of the estate if acquired within 180 days after commencement of the case. The Debtor has alternatively claimed this interest as exempt pursuant to 11 U.S.C. § 522(d)(11)(C), (E). However, these sections are not available to a debtor in Missouri because the State Legislature has "opted out" of the Federal exemption scheme pursuant to Section 513.-427 R.S.Mo, and has not mirrored these exemptions in the State law.

■ Furthermore, the Debtor's claim of exemption based upon Section 376.560, R.S.Mo. cannot be allowed because the Missouri Legislature repealed and did not replace this Section prior to the commencement of this case pursuant to L.1982, p. 673, Section 1.

■ The Debtor also claims an exemption under Section 377.330 R.S.Mo. However, this Section refers only to unmatured life insurance contracts and does not apply to that interest which is the Debtor's right to receive the proceeds under the life insurance policy. See, *In re Williams,* 82 B.R. 518 (Bankr.W.D.Mo., 1988); and *In re Reinecke v. Commissioner of Internal Revenue,* 220 F.2d 406 (8th Cir.1955).

The Debtor's attempts to claim an exemption under Section 513.430(8) R.S.Mo.,

must similarly be denied. This Section refers generally to interests in unmatured life insurance contracts and is not available in the circumstances presented here.

Therefore, the Debtor has failed to establish her right to claim an exemption in the post-petition insurance proceeds.

IT IS ORDERED that this hearing is concluded; and that the Debtor's claim of exemption of the post-petition life insurance proceeds is DENIED; and that the Debtor is to *immediately* turn over to Fredrich J. Cruse, Trustee, the full value of the life insurance policy upon the life of Charles Richard Pettigrew as described in these proceedings.