In re Wayne D. BOTTOM, Debtor.

Jeffrey R. DOLLINGER, Trustee
of Estate of Wayne D.
Bottom, Plaintiff,

v.

Wayne D. BOTTOM, Defendant.

Bankruptcy No. 93–00227.
Adv. No. 94–90025.

United States Bankruptcy Court,
N.D. Florida,
Gainesville Division.

Dec. 14, 1994.

Lisa Cohen, Gainesville, FL, for plaintiff.

Lansing J. Roy, Keystone Heights, FL, for debtor/defendant.

Jeffrey R. Dollinger, Trustee, Gainesville, FL.

### MEMORANDUM OPINION

LEWIS M. KILLIAN, Jr., Bankruptcy Judge.

This case came before the court upon the motion of Jeffrey R. Dollinger (hereinafter "the Trustee") for summary judgment on his complaint for declaratory judgment and for turnover of property of the estate, filed on April 14, 1994. The Defendant, Wayne D. Bottom (hereinafter "the Debtor") filed an answer and his own motion for summary judgment on September 15, 1994. Plaintiff filed a reply, along with a stipulation of facts, on September 27, 1994. The facts are as follows:

On August 9th, 1993, the Debtor filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code. Within 180 days of the filing of the petition, the Debtor's father, Linwood D. Bottom, died testate. According to the Debtor's memorandum, the will has not yet been admitted to probate. (Debtor's memorandum at 3). As a result of his father's death, the Debtor became entitled to receive certain assets, both through his father's will and by operation of law. The will provided that 75% of the residuary estate be held in trust for the Debtor, to be paid to him in the Trustee's discretion for the "support, care, comfort, and maintenance" of the Debtor. (Exhibit 1, at 2). The Debtor was named as the sole Trustee of the trust. *Id.* at 7. The Debtor's father owned several insurance policies, some naming the Debtor as the beneficiary, and the others payable to his probate estate, with 75% to go into the trust established for the Debtor. *Id.* at 2. At the time of his death, Linwood Bottom owned an account at First Union National Bank at Gainesville, which was held jointly

with the Debtor. The funds in the account became the Debtor's by operation of law through the right of survivorship.

The Trustee has filed a complaint seeking a declaratory judgment that these assets should be part of the bankruptcy estate and seeks turnover of those assets determined to be property of the estate. The Debtor opposes the turnover of the assets. Both plaintiff and defendant have filed motions for summary judgment, together with a stipulation of facts. I find that no genuine issues of material fact exist, and therefore summary judgment is appropriate. The status of each asset will be analyzed separately.

## INSURANCE POLICIES

■ It has been admitted that Linwood Bottom owned several life insurance policies, made payable "to the Defendant and/or to Linwood Bottom's probate estate." Regarding insurance policies, the Bankruptcy Code provides, in pertinent part, that the estate includes

> "[a]ny interest in property that would have been property of the estate if such interest had been an interest of the debtor on the date of the filing of the petition, and that the debtor acquires or becomes entitled to acquire within 180 days after such date—
>
> ... as beneficiary of a life insurance policy or a death benefit plan."

11 U.S.C.A. § 541(a)(5)(C) (1993). Because Linwood Bottom died within 180 days of the filing of the petition, all proceeds of insurance policies made payable to Wayne Bottom are included in the Debtor's bankruptcy estate. *Id.* The relevant case law supports this conclusion. *In re Pettigrew*, 115 B.R. 214 (Bankr.E.D.Mo.1990); *Geekie v. Watson (In re Watson)*, 65 B.R. 9 (Bankr.C.D.Ill. 1986); *see also In re Wilde*, 160 B.R. 625 (Bankr.W.D.Mo.1993) (Denying voluntary dismissal of Chapter 7 after Debtor's receipt of moneys from life insurance policy).

For those policies made payable to Linwood Bottom's probate estate, Linwood Bottom's will indicated that 75% of these proceeds be held in the "Wayne Bottom Trust." For the reasons set forth below, I conclude that all of the trust proceeds are also part of the bankruptcy estate.

## TRUST FUND

■ The Debtor has asserted that the funds in the trust are excluded from the bankruptcy estate under the "spendthrift trust" exemption under 11 U.S.C.A. § 541(c)(2) (1993) [1].

■ The Florida courts have indicated that "[a] spendthrift trust is defined to be those trusts that are created with a view of providing a fund for the maintenance of another, and at the same time securing it against his own improvidence or incapacity for self-protection." *Croom v. Ocala Plumbing & Electric Co.*, 62 Fla. 460, 57 So. 243, 244 (1911). Such a policy is not served by the facts of the case at bar. Because Wayne Bottom is named as the sole Trustee of his own trust, the only one that can guard Bottom from his own improvidence is Bottom himself. It is for this reason that the trustee and the sole beneficiary cannot be one in the same under Florida law. 56 FLA.JUR.2D. *Trusts* § 11 (1985). Clearly "a spendthrift trust cannot exist if the beneficiary is able to control the assets of the trust before its maturation." *First Florida National Bank, N.A. v. Smith (In re Smith)*, 129 B.R. 262, 264 (Bankr.M.D.Fla.1991).

■ The Debtor has argued that, although named as Trustee, his appointment to the position has not legally taken place. He claims that he has no ability to control the trust assets until the will is probated. This argument fails for two reasons. First, Bottom fails to mention Item VIII of his father's will, which reads, in pertinent part,

> "I direct that the income from said Wayne D. Bottom Trust shall accrue from the date of my death, and until the Trust is

**1.** This section provides that "[a] restriction on the transfer of a beneficial interest of the debtor in a trust that is enforceable under applicable nonbankruptcy law is enforceable in a case under this title." The Supreme Court has held that "applicable nonbankruptcy law" includes, but is not limited to, state spendthrift trust law. *Patterson v. Shumate*, —— U.S. ——, 112 S.Ct. 2242, 119 L.Ed.2d 519 (1992).

established I authorize my Personal Representative, in his sole discretion, from time to time and at any time, to pay out of my general estate to the income beneficiary of such Trust, advanced payments of income, such sum or sums as in his judgment are not in excess of the income which such income beneficiary probably would have been entitled to receive from said Trust had the same been established."

(Exhibit 1, at 3–4). The will names the Debtor as both personal representative and Trustee. (Exhibit 1, at 7). Therefore, he does possess a present right to control the Trust assets on his own behalf. In addition, the legal event that would establish Bottom as Trustee, the probate of the will, is entirely within his control as the designated personal representative. If a beneficiary exerts sufficient dominion and control over the trust property, the trust can no longer be considered spendthrift. *In re Zabelski,* 81 B.R. 89, 90 (Bankr.N.D.Fla.1988) (*citing In re Lichtstrahl,* 750 F.2d 1488, 1490 (11th Cir. 1985)).

The Debtor's attorney posits in his memorandum that "[i]f Wayne's father were here to cast his vote, he would clearly recommend against Wayne accepting the appointment if he thought that the result would be for the father's property to go to Wayne's creditors." (Debtor's Memorandum at 5). It is apparent, however, that Wayne's father had already cast his vote by designating Wayne Bottom as both sole Trustee and Beneficiary of the trust. I conclude that this trust fails to qualify as spendthrift under Florida law.

■ Finally, the Debtor has indicated that because the will has not been probated within 180 days, the Debtor has no interest in the funds of the trust. However, property the Debtor "becomes entitled to acquire" within 180 days of the filing of the petition by "bequest, devise, or inheritance" is measured from the date of death, not the date of probate. *In re Chenoweth,* 3 F.3d 1111, 1112 (7th Cir.1993). Outright ownership at the time of death is not a requirement. *See Anderson v. McGowan (In re Anderson),* 128 B.R. 850 (D.R.I.1991) (attorney's appeal that contingent interest under mother's will was not part of estate warranted imposition of Rule 11 sanctions). Because Wayne Bottom became "entitled to acquire" the trust funds within 180 days of the filing of his petition in bankruptcy, and because there are no enforceable restrictions present, the funds must be considered property of the estate. *Id.*

## JOINT BANK ACCOUNT

■ The joint bank account is also property of the estate. It is uncontroverted that the Debtor possessed bare legal title, and a right of survivorship in the account on the date of the petition. (Stipulation of Facts at 1, Debtor's Memorandum of Law at 1). These property interests must pass to the estate. 11 U.S.C.A. § 541(a)(1) (1993). The Defendant attempts to argue, however, that the law prevents his father's equitable interest from becoming part of the bankruptcy estate after his father's death. I find his arguments without merit.

■ There is no question that the debtor's right of survivorship is part of the estate. *Waldschmidt v. Shaw (In re Shaw),* 5 B.R. 107, 109–10 (Bankr.M.D.Tenn.1980). When the Debtor's father died, that interest matured into complete ownership. The case of *In re Quinlan* concerned a situation with similar facts. 12 B.R. 824 (Bankr.M.D.Ala. 1981).

In *Quinlan,* the Debtor and his mother jointly owned a piece of property with the right of survivorship explicitly in the deed. *Id.* at 826. The Debtor attempted to quit claim his interest to his mother less than 90 days before the bankruptcy, but the conveyance was set aside. *Id.* at 827. The Debtor's mother died 39 days after the Debtor filed his petitions in bankruptcy. *Id.* The court held that the estate obtained fee simple title to the property, without any limitations, upon the death of the Debtor's mother. *Id.* at 828. The court found that title did not pass by "inheritance" per se, but through operation of the right of survivorship. *Id.* at 828–29. The court concluded that once the Debtor's mother died, the right of survivorship, possessed by the estate at the time of filing, matured into a full ownership interest. *Id.* Similarly, the Debtor has admitted that the account was jointly held, and that the

Debtor acquired his father's interest through the right of survivorship. Because the survivor has filed for bankruptcy, and the estate succeeded to the right of survivorship, the estate can be considered the true owner of the proceeds.

The Debtor's memorandum of law is vague on this particular point, and provides no citations, statutory or otherwise. The Debtor apparently yearns to assume all of the benefits that possession of the bank account would give him, but wishes to disclaim the burdens that would subject the property to the claims of his creditors. There is a Florida statute dealing with bank accounts in two or more names [2], but the debtor's above admissions render a discussion of that statute moot. Under these facts, claiming a right of survivorship in the account, but claiming the interest is not part of the estate, is akin to asking Solomon to split the baby. If the right of survivorship exists, as the Debtor claims it does, it became a property interest of the estate when the petition was filed. Therefore, I conclude the estate has succeeded to the full ownership interest in the account by operation of the right of survivorship, and thus all of the proceeds of the joint bank account are part of the estate.

## CONCLUSION

Pursuant to the above findings of fact and conclusions of law, it is hereby ORDERED and ADJUDGED that the Debtor's motion for summary judgment be, and hereby is, DENIED, and it is further ORDERED and ADJUDGED that the Trustee's motion for summary judgment be, and hereby is, GRANTED.

2. The statute reads, in pertinent part,

Unless otherwise expressly provided in a contract, agreement, or signature card executed in connection with the opening or maintenance of an account, including a certificate of deposit, a deposit account in the names of two or more persons shall be presumed to have been intended by such persons to provide that, upon the death of any one of them all rights, title, interest, claim in, to, and in respect of such deposit account, less all proper setoffs and charges in favor of the institution, vest in the surviving person or persons.

1992 Fla.St. § 655.79 (West).