**In re Stanley SIMMONS, Debtor.**

**No. 04–30036–DHW.**

United States Bankruptcy Court, M.D. Alabama.

April 20, 2004.

Richard D. Shinbaum, Vonda S. McLeod, Shinbaum, Abell, McLeod & Vann, Montgomery, AL, for Debtor.

Sabrina L. McKinney, Montgomery, AL, for Trustee.

## MEMORANDUM OPINION

DWIGHT H. WILLIAMS, Bankruptcy Judge.

The chapter 13 trustee filed an objection to the debtor's claimed homestead exemption contending that the debtor does not reside on the property. The trustee fur-

1. The trustee has not contested the valuation or mortgage balance figures offered by the debtor.

2. Alabama's homestead exemption statute provides:

ther objects to confirmation of the plan contending that, if the exemption is disallowed, the plan does not meet the "best interests test" set forth in 11 U.S.C. § 1325(a)(4).

## JURISDICTION

The court's jurisdiction stems from 28 U.S.C. § 1334 and the United States District Court for the Middle District of Alabama's general order of reference of title 11 matters to this court. Further, proceedings concerning confirmation of plans and claims of exemptions are core proceedings under 28 U.S.C. § 157 thereby extending this court's jurisdiction to the entry of final orders and judgments.

## FINDINGS OF FACT

Stanley Simmons filed a chapter 13 petition for relief on January 7, 2004. His chapter 13 plan provides, *inter alia,* for a "payment over time" to unsecured creditors of no less than $5,050. This translates to approximately 35% payment on allowed unsecured claims.

Simmons owns real property located at 1532 Marlowe Drive, Montgomery, Alabama jointly with his wife. Simmons values this property at $76,100 and acknowledges that the property is encumbered by a mortgage with a principal balance of $56,000. *See* Schedule A.[1] The debtor and his wife have a total equity of approximately $20,100. Therefore, the debtor's undivided one-half interest is worth $10,050. Simmons claims $5,000 of this equity as exempt under Alabama's homestead exemption statute, *Ala.Code* § 6–10–2 (1975).[2]

The homestead of every resident of this state, with the improvements and appurtenances, not exceeding in value $5,000 and in area 160 acres, shall be, to the extent of any interest he or she may have therein,

About 5 months before filing the bankruptcy petition, Simmons and his wife separated, and Simmons began residing at 3316 Fountain Lane, Apartment D, Montgomery, Alabama. His wife remained at Marlowe Drive. The parties were still separated on the date of the petition. The debtor stated the following on Schedule A: "Debtor's wife resides in the home and makes the mortgage payments. Husband and wife will be attempting to reconcile and it is Debtor's intention to move back to Marlowe address." The reconciliation efforts failed, however, in that by the time of the creditors' meeting (February 5, 2004), divorce proceedings were underway.[3]

## CONCLUSIONS OF LAW

The trustee contends that the debtor is not entitled to claim a homestead exemption in the property and that the proffered plan fails to meet the so-called "best interest of creditors" test.[4] Specifically, the trustee contends that the debtor's equity in the Marlowe Drive property is $10,050, and it is that amount, less the hypothetical costs of chapter 7 administration, that must be paid to unsecured creditors under the chapter 13 plan. The debtor, conversely, is claiming $5,000 of the Marlowe Drive equity as exempt and contends that the best interest of creditors test is satisfied.

When asked by counsel for these parties to fix a briefing schedule, the court was given the impression that there was no dispute of material fact and that the matter could be submitted to the court solely on the question of law. The question of law at issue was whether the debtor could properly claim a homestead exemption in the Marlowe Drive house. If so, the trustee conceded that the best interest test was satisfied; if not, the debtor conceded that it was not.

Now, however, debtor's counsel suggests that there is a dispute of material fact. In brief, for the first time, debtor's counsel argues that even if the homestead exemption claim is disallowed, the plan, nevertheless, meets the best interest test because the hypothetical costs of administration in chapter 7 would reduce the estate's net equity to below $5,000. Because the hypothetical costs of chapter 7 administration requires this court to make a factual determination, that issue must be reset for an evidentiary hearing.

whether a fee or less estate or whether held in common or in severalty, exempt from levy and sale under execution or other process for the collection of debts during his or her life and occupancy and, if he or she leaves surviving him or her a spouse and a minor child, or children, or either, during the life of the surviving spouse and minority of the child, or children, but the area of the homestead shall not be enlarged by reason of any encumbrance thereon or of the character of the estate or interest owned therein by him or her. When a husband and wife jointly own a homestead each is entitled to claim separately the exemption provided herein, to the same extent and value as an unmarried individual. For purposes of this section and Sections 6–10–38 and 6–10–40, a mobile home or similar dwelling if the principal place of residence of the individual claiming the exemption shall be deemed to be a homestead.

*Ala.Code §* 6–10–2 (1975).

**3.** *See* Joint Stipulation of Facts (Docket Entry # 16) filed by the parties on March 30, 2004.

**4.** The best interest of creditors test is codified at § 1325(a)(4) and provides:

(a) Except as provided in subsection (b), the court shall confirm a plan if—
(4) the value, as of the effective date of the plan, of property to be distributed under the plan on account of each allowed unsecured claim is not less than the amount that would be paid on such claim if the estate of the debtor were liquidated under chapter 7 of this title on such date.

However, the central issue of whether a debtor, who is separated from his estranged spouse, can claim a homestead exemption in the marital residence in which he did not reside at the time of bankruptcy is capable of being addressed on the parties' stipulated facts.

11 U.S.C. § 522 creates exemptions for debtors who file for relief under title 11. Nevertheless, the statute permits the states to opt out of the federal exemptions and claim only those exemptions permitted by State law. *See* 11 U.S.C. § 522(b). Alabama has done just that. *See Ala. Code* § 6–10–11 (1975). Therefore, state law governs the propriety of this exemption claim.

■ Exemption statutes should be liberally construed, especially those involving the homestead. "The law looks with favor on the homestead, and homestead statutes are to be construed liberally in furtherance of the public policy they express." *First Alabama Bank v. Renfro*, 452 So.2d 464, 468 (Ala.1984).[5]

■ Under Alabama law, both ownership and occupancy are prerequisites to the "rightful claim of a homestead exemption." *Beard v. Johnson*, 87 Ala. 729, 6 So. 383, 383–84 (1889); *Frazier v. Espalla*, 220 Ala. 446, 125 So. 611, 612 (1929); *Blum v. Carter*, 63 Ala. 235 (1879); *In re Hughes*, 306 B.R. 683 (Bankr.M.D.Ala.2004). In the case at bar Simmons' ownership interest in the subject realty is not disputed. Therefore, the question turns upon whether Simmons "occupied" the Marlowe Drive property sufficiently to establish a legiti-

mate claim of homestead exemption at the time of bankruptcy.[6]

In *In re Carter*, 213 B.R. 26 (Bankr. N.D.Ala.1997) Judge Thomas B. Bennett discussed the legal requirements of occupancy and the homestead exemption as follows:

A prerequisite to a claim for a homestead in Alabama is actual occupancy or the intent to actually occupy precluded only by unavoidable circumstances. *Hill v. Quinlan (In re Quinlan)*, 12 B.R. 824 (Bankr.M.D.Ala.1981); *see also Gowens v. Goss*, 561 So.2d 519, 522 (Ala.1990)(The property claimed as homestead must be the actual residence of the party claiming the exemption. The required occupancy has been described as "occupancy in fact and a clearly defined intention of present residence and occupancy.") The requirement of actual occupancy must be accompanied by a clearly defined intent of present residence. Intent without occupancy does not create the homestead right. *Memory v. Brasington (In re Brasington)*, 10 B.R. 76 (Bankr. M.D.Ala.1981); *Blum v. Carter*, 63 Ala. 235 (Ala.1879)(An occupancy in fact or a clearly defined intention of present residence and actual occupation delayed only by the time needed to effect removal, finish repairs, or complete construction of a dwelling is necessary for a valid homestead claim. An undefined intent to build or occupy at some future date is not sufficient.)

*Carter*, 213 B.R. at 32.

■ In the case at bar there was no occupancy in fact because Simmons did not

---

**5.** "Homestead laws are based upon a public policy which recognizes the value of securing to the householder a home for himself and family regardless of his financial condition. The preservation of the home is of paramount importance because there the family may be

sheltered and preserved." *Renfro*, 452 So.2d at 468.

**6.** Exemptions are to be determined as of the date of the filing of the bankruptcy petition. *In re Rester*, 46 B.R. 194, 197 (S.D.Ala.1984).

actually occupy the Marlowe Drive property on the date of his bankruptcy. His argument is that he hoped one day to reoccupy the home by reconciling with his estranged wife. This is not enough to create a valid homestead exemption. As the Alabama Supreme Court has explained:

> [w]e hold that, to constitute a valid claim of homestead, there must be an occupancy in fact, or a clearly defined intention of present residence and actual occupation, delayed only by the time necessary to effect removal, or to complete needed repairs, or a dwelling-house in process of construction. An undefined, floating intention to build or occupy at some future time, is not enough. And this intention must not be a secret, uncommunicated purpose. It must be shown by acts of preparation of visible character, or by something equivalent to this.—*Daniel v. Collins*, 57 Ala. 625 [(1877)]; *Boyle v. Shulman*, 59 Ala. 566; *Preiss v. Campbell*, *Ib.* [59 Ala.] 635 [(1877)]; *Chambers v. McPhaul*, 55 Ala. 367 [(1876)].

*Blum v. Carter*, 63 Ala. 235, 1879 WL 993, *4 (Ala.1879).

Simmons' desire to reconcile with his wife and return to the house is but an undefined, floating intention to occupy the house at some future date. Such intent is insufficient to establish a homestead exemption claim.

### CONCLUSION

For the foregoing reasons the court concludes that the trustee's objection to the debtor's claim of homestead exemption must be sustained. The trustee's objection to confirmation on § 1325(a)(4) grounds cannot be addressed for want of necessary facts. Hence, the matter will be set for an evidentiary hearing. An order consistent with this opinion will enter separately.

### ORDER DISALLOWING EXEMPTION

### ORDER SETTING EVIDENTIARY HEARING

In accordance with the Memorandum Opinion entered this day, it is hereby

ORDERED that the trustee's objection to the debtor's homestead exemption is SUSTAINED, and the exemption is DISALLOWED. It is

FURTHER ORDERED that an evidentiary hearing will be held on **Tuesday, May 18, 2004 at 1:30 p.m.** on the trustee's objection to confirmation of the plan. The issue will be the hypothetical costs of administering the debtor's property in chapter 7.