243 So.2d 668

### Irvin H. ALLAGOOD

v.

### Owen DuBOSE.

### I Div. 650.

Supreme Court of Alabama.

Jan. 28, 1971.

Wyman O. Gilmore, Grove Hill, for appellant.

Lee B. Williams, Grove Hill, for appellee.

MERRILL, Justice.

Appellant, Irvin H. Allagood, appeals from a decree in equity quieting title to two non-contiguous tracts of land in which the appellant claimed that he and the respondent, Owen DuBose, each owned an undivided one-half interest. One tract consisted of about 180 acres and the other, about two acres.

The appellee, Owen DuBose, testified that his father, N. D. DuBose, had title to both tracts when he died, and his mother, Eugenia DuBose, continued to live on the two-acre tract until her death in 1939. The testimony, which was taken ore tenus, showed that a deed to Owen DuBose for the 180 acre tract was drawn for the signatures of his parents, N. D. DuBose and Eugenia DuBose; however, the deed was

not signed by Eugenia DuBose, but was signed only by his father. The deed was dated January 4, 1932 and recorded in the probate office on March 18, 1939. N. D. DuBose died April 15, 1932; his wife, Eugenia, died March 15, 1939. Owen DuBose testified that since 1939, he has paid taxes, farmed and raised cattle on the 180 acres. He further testified that he bought the two-acre parcel, on which his parents had their house, at a tax sale on May 21, 1956; the tax deed was dated and filed in the probate office on October 13, 1959. He lived on the two-acre parcel until his marriage in 1933 and has lived next to it from then to the present.

The appellant, Allagood, testified that he was the grandson of N. D. and Eugenia DuBose, and that Owen DuBose is his uncle. Irvin Allagood's mother died on July 19, 1935 and his father died on August 21, 1941. He testified further that his grandparents had four children, that Owen DuBose is the only one still living, and that excluding his mother, the other two children died without issue. Allagood is the only grandchild and reached the age of twenty-one in 1946. He had lived outside Alabama since early childhood, returning to the area for a visit in 1953 for the first time after his grandmother's death, which had occurred in 1939. Until the appellant filed this suit, in May, 1969, his last visit to the area was in 1962. He testified that he made several visits to the area from 1953 until 1962, and attempted to discuss the property with his uncle, the respondent, but that his uncle refused to talk about the land during those visits, maintaining he would do so at a later date.

The trial court decreed that the appellant owned no title or interest in the 180 acre tract, and that the appellee, Owen DuBose, acquired title to that tract by a deed executed by DuBose's father on January 4, 1932. The trial court adjudged that both the appellant, Allagood, and the appellee, DuBose, owned an undivided one-half interest in the two-acre plot. The appellant contends that the trial court erred in determining that he owned no title or interest in the 180 acre tract.

Appellant makes two basic arguments under his assignments of error. First, the deed to the 180 acre tract from N. D. DuBose to Owen DuBose was void because it conveyed the homestead of the father and it was not signed by his wife. Secondly, even if the deed were not void, the court erred in failing to carve a homestead out of the tract in favor of the widow, Eugenia DuBose.

■ The homestead right of the widow is determined by the law in force at the time of the death of the husband. Finerson v. Hubbard, 255 Ala. 551, 52 So.2d 506; Ganus v. Sullivan, 267 Ala. 16, 99 So.2d 204. Here, the widow continued to live on the two acre tract until her death in 1939. During the period 1932–1939, no material change was made in our homestead statutes and they were incorporated in the 1940 Code as they were in 1932. For that reason, all statutory citations will be from the 1940 Code, but the amendments after 1940 have no application to the instant case.

■ There are three reasons why the decree should be affirmed.

First, the 180 acre tract was in excess of the area allowed for a homestead. A homestead which could not be alienated at that time without the wife's consent was one that did not exceed in value $2,000.00 and in area 160 acres. Tit. 7, §§ 625 and 626, Code 1940, and section 205 of the Constitution of 1901; Drake v. Drake, 262 Ala. 609, 80 So.2d 268. Under the law in effect in 1932, the homestead in the instant case would have had to be judicially ascertained, Martin v. Cothran, 240 Ala. 619, 200 So. 609, Tit. 7, § 661, Code 1940, and no effort was made for such ascertainment until the instant suit was filed in May, 1969.

After the death of the widow in 1939, leaving no minor children, there was no

one eligible under the then existing law to have a homestead set apart, and she did not seek to have it set aside during her lifetime. Furthermore, under Tit. 7, § 663, Code 1940, title to a homestead did not vest in the widow and minor children until it was "judicially determined."

Secondly, the deed from N. D. DuBose to appellee, Owen DuBose, was not void. In Rhodes v. Schofield, 263 Ala. 256, 82 So.2d 236, this court said:

"* * * Where the conveyance is of a larger tract, including the homestead, which has not been selected or set apart, the conveyance is valid as to the excess over and above the quantity to which the owner is entitled by way of exemption. 'In such case (it is said), the legal title to the whole passes to the grantee, with the reserved power in the grantor to withdraw the exempted portion from the operation of the conveyance, by some proper act of selection, by which it is separated from the other.' De Graffenried v. Clark, 75 Ala. 425; McGuire v. Van Pelt, 55 Ala. 344. See Estes v. Metropolitan Life Ins. Co., 232 Ala. 656, 169 So. 316; Moses v. McClain, 82 Ala. 370, 2 So. 741; Farley v. Whitehead, 63 Ala. 295."

Here, the title passes to Owen DuBose, with the reserved power in the grantor, or his widow or a minor child, if any, "to withdraw the exempted portion from the operation of the conveyance, by some proper act of selection" under the law then existing. This was not done.

The third reason is that after the widow died in 1939, there was no one who, under the law in effect from 1932 to 1939, could legally petition that a homestead be set aside.

In Walker v. Hayes, 248 Ala. 492, 28 So.2d 413, we said:

"* * * The statutes in this state make it clear that when a man dies, the family which he leaves behind and which has the right to protection in the homestead he leaves, is composed of the widow and minor children. § 661 et seq., Title 7, Code of 1940. It should be noted that children who have attained their majority at the time of his death, have no rights, presumably we judge because they are deemed able to care for themselves and establish homes of their own."

Here, there were no minor children and the homestead rights of the widow expired at her death in 1939. There were no statutes in effect in 1932 which would give that right to a grandchild. Title 7, § 663, was amended in 1953 so that a grandchild could, under limited circumstances, acquire some rights, but that was not the law applicable to the instant case.

■ Moreover, we have said that a "conveyance of the subject of the homestead right by the husband alone is voidable—not absolutely void—at the instance of one with right to have such a conveyance pronounced void." The appellant is a stranger to the right, and cannot invoke judicial powers to set aside a homestead when those in whose favor it existed (here, his grandmother) did not assert or seek to establish the claim. Reid v. Allen, 183 Ala. 582, 62 So. 801.

No reversible error is presented by the argued assignments of error.

Affirmed.

HEFLIN, C. J., and LAWSON, HARWOOD, MADDOX and McCALL, JJ., concur.