MADDOX, Justice.
This is an appeal from a judgment declaring that an option to sell property which was the homestead of the grantor and his wife was void because the option was not signed by the wife.
Plaintiffs Napolean and Lena Bell Good-son are husband and wife. They were married in 1937. They own approximately fifty-six acres of land in Autauga County, Alabama. Mr. Goodson acquired approximately twenty acres of the property in 1944, and in 1949, the Goodsons constructed their home on this property. Thereafter, in 1953, they acquired an additional twenty acres as tenants in common, and, in 1966, Mr. Goodson acquired the final twenty acres.
Although the parcels are contiguous, the tract on which the homeplace is located is separated from the other property by U.S. Highway 31. The tract on which the home-place is located, at the time of trial, contained approximately sixteen acres; it lies west of the highway and the remaining forty acres lies east of the highway. The forty-acre tract is the property which is the subject of this action.
In early June, 1978, Mr. Inman, the appellant and option-holder, contacted Mr. Goodson about purchasing the forty-acre tract. Goodson showed Inman the property and they discussed the terms of a proposed sale. According to Inman, Goodson agreed to sell him an option to purchase the land at a price of $1,000 per acre. According to Goodson, no agreement was reached.
There was evidence that Goodson only had a second grade education and could not read and write, but could “scratch his name a little.” There was also evidence that Mrs. Goodson handled the business affairs for the family.
On June 13, 1978, Inman brought an option contract to Goodson’s house. Goodson told Inman that his wife was in the hospital and, for that reason, he could not sign “the paper.” Inman then drove Goodson to the hospital. There is some dispute as to what happened when they arrived at the hospital.
The appellant contends that Goodson walked down the hall at the hospital and met a woman. Inman did not know Good-son’s wife and, therefore, assumed that this woman was Mrs. Goodson. In fact, she was the Goodsons’ daughter, Yvonne Goodson Bates. The appellee contends that Inman knew that Mrs. Goodson was in intensive care because of a bleeding ulcer, and had, in fact, seen her in her hospital room with tubes in both arms and in her nose. Good-son further contends that Inman then *917 talked the daughter into signing her mother’s name to the option, telling her that it did not matter who signed the paper. Goodson claimed that he could not read and that Inman did not inform either him or his daughter of the contents of the document which they signed. Regardless of whose version is correct, the option contract was signed by Mr. Goodson and his daughter, who signed her mother’s name.
Several days after Inman acquired the option, he assigned it to Lester Skidmore. Five days prior to the expiration of the term of the option, Skidmore elected to exercise it. The Goodsons refused to convey the property. They subsequently filed the declaratory judgment action which is the subject of this appeal. Prior to the trial of the action, Skidmore assigned the option back to Inman.
The trial court heard the evidence in this case without a jury and issued the following order:
(1) That the option purportedly executed by the Plaintiffs Napolean Goodson and Lena Bell Goodson on the 13th day of June, 1978, granting Defendant Denny Joe Inman the exclusive right of purchasing certain real property located in Au-tauga County, Alabama, is void as a matter of law.
(2) That the aforementioned option is void due to the fact that the real property which is the subject of the option constitutes the homestead of the Plaintiffs and was not signed by the wife, Plaintiff Lena Bell Goodson.
(3) That Defendant Lester J. Skidmore is not entitled to recover from Plaintiff Napolean Goodson on the Counter-Claim filed by the said Defendant and said Counter-Claim is hereby dismissed.
(4) That Defendant Denny Joe Inman is not entitled to the relief prayed for in his Counter-Claim.
(5) That the cost incurred herein be paid by Defendant Denny Joe Inman.
Thus, the issue before this Court on appeal is whether the option contract was invalid because it did not contain the signature of the wife, Lena Bell Goodson.
Code 1975, § 6-10-3 states:
No mortgage, deed or other conveyance of the homestead by a married person shall be valid without the voluntary signature and assent of the husband or wife, which must be shown by his or her examination before an officer authorized by law to take acknowledgments of deeds, and the certificate of such offer upon, or attached to, such mortgage, deed or other conveyance, which certificate must be substantially in the form of acknowledgment for individuals prescribed by section 35-4-29.
The trial court, applying this statute, found that the subject property “constitutes the homestead of the plaintiffs,” and declared that the option was void. The crucial question thus presented is: What is the meaning of the word “homestead” in the statute, and what is the effect of a conveyance of a larger tract which includes the “homestead”?
This court has had an opportunity to consider the effect of an alienation of property by one spouse without the assent of the other wherein property is retained which has a value greater than that required to constitute the homestead.
This first opportunity was presented in Williams v. Kilpatrick, 195 Ala. 563, 70 So. 742 (1916). In that case, it was stated:
When the owner of a homestead which is greater in value than $2,000, or in area than 160 acres, sells a portion thereof, leaving, including the dwelling and land contiguous thereto, the maximum value or area allowed by law for the homestead, this amounts to the selection of a homestead to the exclusion of the alienated tract, and the provisions of the Code (section 4161) with respect to the alienation of homesteads have no application. This proposition does not seem to have been heretofore considered by this or any other court, but its propriety cannot be doubted, and it is in harmony with our statutes and decisions. — De Graffenried v. Clark, 75 Ala. 425; Marks v. Wilson, 115 Ala. *918 561, 22 So. 134; Jaffrey v. McGough, 88 Ala. 648, 8 So. 333.
Likewise, in Drake v. Drake, 262 Ala. 609, 80 So.2d 268 (1955), this Court stated:
It is evident that the homestead referred to in § 205 of the Constitution of 1901 and in Code of 1940, Title 7, §§ 625 and 626, as amended, means that a homestead which cannot be alienated without the wife’s consent is one that does not exceed in value $2,000 and in area 160 acres.
More recently, in Allagood v. DuBose, 286 Ala. 559, 243 So.2d 668 (1971), this Court opined, quoting from Rhodes v. Schofield, 263 Ala. 256, 82 So.2d 236 (1955):
“Where the conveyance is of a larger tract, including the homestead, which has not been selected or set apart, the conveyance is valid as to the excess over and above the quantity to which the owner is entitled by way of exemption. ‘In such case (it is said), the legal title to the whole passes to the grantee, with the reserved power in the grantor to withdraw the exempted portion from the operation of the conveyance, by some proper act of selection, by which it is separated from the other.’ De Graffenried v. Clark, 75 Ala. 425; McGuire v. Van Pelt, 55 Ala. 344. See Estes v. Metropolitan Life Ins. Co., 232 Ala. 656, 169 So. 316; Moses v. McClain, 82 Ala. 370, 2 So. 741; Farley v. Whitehead, 63 Ala. 295.”
It is clear that a spouse does not have to sign a conveyance of property by the other spouse which is in excess of and which reserves unto them an amount of property with a value equal to or greater than that required to constitute homestead. In the present case, the option contract did not affect the sixteen acres on which the Good-sons resided. This property appears to have a value in excess of that required for homestead, but if it does not, the grantor could withdraw the exemption portion from the operation of the option contract under procedures as stated in Allagood; thus, the trial court erred in holding, as a matter of law, that the option was invalid because Mrs. Goodson did not sign it. Consequently, the judgment of the trial court is due to be reversed. Our reversal of the judgment, however, is based upon a determination by us that the trial court misapplied the law to the facts. In making our determination, we have focused on the only issue which the trial court considered. We therefore, do not decide whether the option holder would be entitled to specific performance, what effect the signing of Mrs. Goodson’s signature by her daughter would have on the option, whether Skidmore’s assignment of the option back to Inman was an assignment of the cause of action so that Inman could exercise the now expired option, the effect of the Goodsons’ being tenants in common as to twenty of the forty acres, or any other issue which might be raised during any subsequent adjudication of the rights of the parties relative to the option contract.
REVERSED AND REMANDED.
TORBERT, C. J., and JONES, SHORES and BEATTY, JJ., concur.