Gardner appeals from a judgment which set aside a deed and awarded Douglas Roberts $7,000.
Gardner, the mother of Douglas, brought suit to quiet title to a two-acre tract of land located in Crenshaw County, Alabama. Douglas and his wife, Yvonne, counterclaimed to set aside as void a deed, executed by Douglas, conveying his joint interest in the property to his mother. Prior to trial a house located on the property and occupied and insured by Gardner was destroyed by fire. Gardner collected $14,000 from her insurance policy; the policy insured the dwelling for $10,000 and personal property or contents for $4,000. Douglas and Yvonne amended their counterclaim, asserting a right to a portion of the insurance proceeds.
After ore tenus proceedings, the trial court entered an order containing various findings of fact and a judgment finding the deed invalid and awarding Douglas $7,000 representing one-half of the fire insurance proceeds. The court determined the property to be the "homestead" of Douglas and Yvonne and found that, since Yvonne had neither signed nor acknowledged the deed as required by § 6-10-3, Code 1975, the deed was void. Because the deed was "void" and Douglas retained his joint interest in the property, the court determined that he was entitled to one-half of the proceeds of the fire insurance policy.
Gardner appeals and presents five issues for our review; however, there are only two dispositive issues in this appeal. No brief was filed by Douglas and Yvonne.
The first issue is whether Douglas and Yvonne are entitled to claim the two-acre tract of real property as their "homestead" under § 6-10-2, Code 1975.
A "homestead" is generally defined as the home or house where a family resides, where the head of the family dwells, and any adjoining or appurtenant land used for a family's comfort and sustenance. Skipworth v. Skipworth, 383 So.2d 524 (Ala. 1980);Jaffrey Co. v. McGough, 88 Ala. 648, 7 So. 333 (1889). The purpose of the homestead exemption is to protect and secure a home for one's family, regardless of financial circumstance, within certain limitations. First Ala. Bank v. Renfro,452 So.2d 464 (Ala. 1984); Ala. Const. art. X, § 205; § 6-10-2, Code 1975. To qualify for the protection afforded by Alabama's homestead exemption, one must be a "resident" and in fact occupy a "home" in the state of Alabama. Brinson v. Edwards,94 Ala. 447, 10 So. 219 (1891); Blum v. Carter, 63 Ala. 235
(1879). In 1980 the legislature amended the statutory homestead exemption, § 6-10-2, and deemed a "mobile home or similar dwelling" to be a homestead. 1980 Ala. Acts, No. 80-569.
Once a homestead is acquired or declared, it is presumed to continue until a change of residence, in fact and intention, is clearly shown. Fuller v. American Supply Co., 185 Ala. 512,64 So. 549 (1914). Section 6-10-3 places a limitation upon the alienation or encumbrance of homestead property; the alienation or encumbrance of the homestead by one spouse, without the voluntary signature and assent of the other spouse, is void and inoperative for any purpose. Watkins v. Pennell, 285 Ala. 208,231 So.2d 83 (1970).
Our inquiry is limited to whether the evidence supports the trial court's ore tenus finding that Douglas and Yvonne made or used the property as their "homestead." If so, then any attempt by one spouse to convey or encumber it would have to comply strictly with § 6-10-3. Watkins.
The record reveals that Douglas and Yvonne were married in 1984 and resided in the state of Louisiana. In 1986 Douglas purchased the two acres of land for $7,500. The title to the property was placed in Gardner and Douglas's names as "joint tenants, with right of survivorship." A dwelling located upon the property was repaired, and Gardner moved into it. *Page 640 
In August 1987 Douglas and Yvonne moved a twenty-nine foot "travel trailer" onto the "back" of the property. Their testimony indicates that they had lived in this trailer since about 1980 and both consistently referred to it as their "home." Douglas and Yvonne had electric power, water, and a septic tank installed to service the trailer. On October 1, 1987 Douglas and Yvonne declared or claimed a homestead exemption on the property in the Crenshaw County tax assessor's office. They also paid the ad valorem taxes at the same time.
Within a week, Douglas and Yvonne had an argument and Yvonne left Alabama. Douglas then executed the deed that is in issue here to his mother. The deed referred to Douglas as a man who was "married but whose wife is a non-resident of the State of Alabama, and who has abandoned the Grantor and whose whereabouts are unknown." Yvonne's signature and assent do not appear on the deed.
Considering the evidence, we can find no error in the conclusion that Douglas and Yvonne created a valid "homestead" in the travel trailer and the appurtenant land. The failure of the deed to comply with § 6-10-3, requiring Yvonne's voluntary signature and assent, is fatal to its purpose. Our decision should in no way be interpreted as limiting the ability of a resident of this state to obtain a "homestead" in a "mobile home or similar dwelling" exclusive of ownership of the land upon which it rests. However, when their mobile home was attached to real property in this state, in which Douglas held an interest, he and his wife became entitled to claim the protection of the homestead exemption as to both the mobile home and his interest in the land. First Ala. Bank v. Renfro.
The second issue is whether the trial court erred by awarding one-half of the fire insurance proceeds to Douglas.
The general rule in this state is: In the absence of a provision in the instrument that creates the estate, or an agreement to like effect made between the parties, there is no duty upon any of the parties to insure for the benefit of a cotenant. Any insurance taken out by one cotenant, i.e. one with an "insurable interest" in the property, who pays the insurance premiums with their own funds, is a "personal indemnity" to that (insured) cotenant unless otherwise agreed or intended. Murray v. Webster, 256 Ala. 248, 54 So.2d 505
(1951); Bell v. Barfield, 219 Ala. 319, 122 So. 318 (1929).Dickerson v. Stewart, 473 So.2d 1078 (Ala.Civ.App. 1985).
We have reviewed the record and can find no evidence of an agreement, either in the deed creating the Gardner and Douglas tenancy or in the insurance contract, nor is there testimony of an agreement between Gardner and Douglas to insure the dwelling house. The evidence, specifically Defendant's Exhibit No. 1 ("Low Value Fire Policy" from National Security Fire Casualty Company issued to "Sarah A. Gardner"), does not indicate other than that the fire insurance was procured by Gardner and that the premiums were paid by Gardner for the term prior to and including the time that the fire destroyed the dwelling. No contribution by Douglas towards the insurance premium is evidenced by the record. In fact, Douglas and Yvonne had purchased a fire insurance policy on the property but cancelled it within a month.
Whether the proceeds from an insurance policy taken out by one cotenant as the sole owner for its full value, who has paid the premiums thereon, the other cotenant(s) not being a part of the insurance agreement, will inure to the benefit ofall cotenants turns on the equities of the case. Anderson v.Brooks, 446 So.2d 36 (Ala. 1984); Miles v. Miles, 211 Ala. 26,99 So. 187 (1924).
The record indicates that Gardner appears on the insurance policy as the "insured," and two payment receipts from the "Watts Insurance Agency" indicate that the premiums were in fact paid by Gardner. We find that the equities of this case demand that Gardner retain the entire $14,000 proceeds.
The decree of the trial court is affirmed in part and reversed in part and remanded *Page 641 
for entry of an order consistent with this opinion.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED IN PART, REVERSED IN PART AND REMANDED WITH INSTRUCTIONS.
All the Judges concur.