This is an appeal from a summary judgment in favor of John Anthony Palughi, as *Page 1093 
administrator of the estate of Gregory O. Fields, Sr., and against Shirley T. Worthington, declaring a conveyance from Esther Stroke Fields to be void, pursuant to Ala. Code 1975, § 6-10-3.
The undisputed facts in the case are as follows: Esther Stroke Fields and Gregory O. Fields, Sr., were wife and husband. Each had been previously married and each owned residential property in fee. After the Fieldses were married, they decided it was in their best financial interest to sell Gregory's residence and reside together in Esther's residence. On May 17, 1974, Esther and Gregory executed and properly recorded a deed conveying Esther's residence at 5109 Maudelayne Drive South, Mobile, Alabama, to themselves jointly with the right of survivorship.
On January 25, 1988, unknown to Gregory, Esther executed and recorded a warranty deed conveying "all her rights, title and interest" in the Maudelayne Drive residence to her daughter, Shirley T. Worthington. The deed contained only Esther's signature.
On May 10, 1988, Esther died. On June 1, 1988, Gregory filed an affidavit of survivorship in the Mobile County Probate Court, claiming ownership of the Maudelayne Drive residence in fee simple, based on the survivorship clause in the May 17, 1974, deed. Gregory continued to occupy the residence until his death on January 25, 1989.
After Gregory's death, the defendant, John Anthony Palughi, was appointed administrator of Gregory's estate. On December 11, 1989, Worthington filed a complaint to quiet title to the Maudelayne Drive property, and she filed a notice of lispendens. Palughi filed a motion for summary judgment. Before the trial court ruled on Palughi's motion, Worthington amended her complaint to include a second count alleging unjust enrichment in the event the court found that she did not have an interest in the real property in question.
After a hearing on the matter, the trial court entered a summary judgment in favor of Palughi as to count one of Worthington's complaint; the trial court's ruling was based on Ala. Code 1975, § 6-10-3. The trial court did not rule on Worthington's claim of unjust enrichment.[1]
Initially, we point out that a summary judgment is appropriate where there is no genuine issue of material fact and the moving party is entitled to a judgment as a matter of law. Rule 56(c), A.R.Civ.P. Once the moving party has made a prima facie showing that no genuine issue of material fact exists, then the burden shifts to the nonmovant to provide "substantial evidence" in support of his position. Ala. Code 1975, § 12-21-12; Rule 56 A.R.Civ.P.; Hanners v. BalfourGuthrie, Inc., 564 So.2d 412 (Ala. 1990); Bass v. SouthTrustBank of Baldwin County, 538 So.2d 794 (Ala. 1989). The trial court is required to view all of the evidence offered by the moving party, Palughi, in support of his motion in the light most favorable to the nonmovant, Worthington. Hanners, supra, and Bass, supra. With this standard in mind, we now address the merits of Worthington's contention.
The essence of the issue on appeal is whether one spouse can convey to a third party an interest in the homeplace held jointly by both spouses. Palughi argues that § 6-10-3
specifically prohibits one spouse from conveying "homestead property" to a third party unless the conveying spouse obtains the assent of the other spouse. Worthington contends that §6-10-3 does not apply to the conveyance in this case, because, she says, the residential property in question did not constitute "homestead property."
Article X, § 205, of the Alabama Constitution (1901), provides a definition of "homestead":
 "Sec. 205. Homestead not exceeding eighty acres or city, town or village lot not exceeding two thousand dollars *Page 1094 in value exempt from sale, execution or other process of court issued for collection of debt; exception as to mortgages.
 "Every homestead not exceeding eighty acres, and the dwelling and appurtenances thereon, to be selected by the owner thereof, and not in any city, town, or village, or in lieu thereof, at the option of the owner, any lot in a city, town, or village, with the dwelling and appurtenances thereon owned and occupied by any resident of this state, and not exceeding the value of two thousand dollars, shall be exempt from sale on execution or any other process from a court; for any debt contracted since the thirteenth day of July, eighteen hundred and sixty-eight, or after the ratification of this Constitution. Such exemption, however, shall not extend to any mortgage lawfully obtained, but such mortgage or other alienation of said homestead by the owner thereof, if a married man, shall not be valid without the voluntary signature and assent of the wife to the same."
(Emphasis added.)
Sections 6-10-2 and -3 are essentially a codification of Article X, § 205, of the Alabama Constitution (1901), but with some material differences in acreage (160 acres) and value ($5,000) of real property. We note that although each of these provisions deals with exemption of the homestead, not the subject of this appeal, they provide a definition of "homestead" useful for purposes of our discussion. Section 6-10-3 provides:
 "No mortgages, deed or other conveyance of the homestead by a married person shall be valid without the voluntary signature and assent of the husband or wife, which must be shown by his or her examination before an officer authorized by law to take acknowledgements of deeds, and the certificate of such officer upon, or attached to, such mortgage, deed or other conveyance, which certificate must be substantially in the form of acknowledgement for individuals prescribed by section 35-4-29."
It is clear that the requirement of a spouse's signature on a conveyance is intended to protect that spouse from a conveyance of the homeplace without his or her assent. Gowens v. Goss,561 So.2d 519 (Ala. 1990), and Leonard v. Whitman, 249 Ala. 205,30 So.2d 241 (1947). For this requirement to be applicable, it is necessary that the property in question be the actual place of residence, Wildman v. Means, 208 Ala. 487, 94 So. 823 (1922); it is undisputed that the property involved in the present case was the actual place of residence.
The undisputed facts in this case are that Esther attempted a conveyance of a one-half interest in the homeplace to a third party and that her spouse had not assented to the conveyance; such a conveyance without that assent is strictly prohibited by § 6-10-3. The trial court applied the statute and declared the conveyance null and void. Based on these facts, we conclude that there is no substantial evidence to create a genuine issue of material fact and that Palughi was entitled to a judgment as a matter of law. Thus, the trial court correctly entered Palughi's summary judgment.
Based on the foregoing, the judgment of the trial court is due to be, and it is hereby, affirmed.
AFFIRMED.
HORNSBY, C.J., and ALMON, ADAMS and INGRAM, JJ., concur.
[1] We need not address the merits of Worthington's claim of unjust enrichment, for two reasons: (1) the trial court failed to rule on that issue, and (2) that issue was not raised on appeal. Furthermore, the trial court makes no mention of this claim in its Rule 54(b), A.R.Civ.P., order.