611 So.2d 339 (1992)
Spencer SIMS
v.
Gracie Joan COX and Farris Lee Cox.
1911263.
Supreme Court of Alabama.
December 11, 1992.
William R. Justice, Columbiana, for appellant.
Joseph E. Walden of Walden & Walden Attorneys, Alabaster, for appellees.
MADDOX, Justice.
The issue raised in this appeal is whether a husband, who held a joint interest with his wife in homestead property with right of survivorship, could make a conveyance of his interest during the lifetime of his wife without the wife's signature and assent. We hold that the law of Alabama, under the facts of this case, declares such a conveyance void in its entirety, even as to any excess in the value of the property over the homestead exemption value.
Catherine Golden Rector acquired title in her own name to certain residential real estate in Shelby County, Alabama, on January 31, 1958. In 1982, she conveyed title to *340 herself and her husband, Bruce A. Rector, as joint tenants with right of survivorship. On March 21, 1985, Bruce Rector attempted to convey his undivided interest in that real estate to his daughter, Gracie Joan Cox, and his son-in-law, Farris Lee Cox. Mrs. Rector did not sign the deed. When that deed was delivered, Mr. and Mrs. Rector were married and were living on the real estate as their homestead. The real estate was worth approximately $47,000.
Bruce Rector died in 1985. Mrs. Rector died intestate in 1987, leaving two children, Spencer Sims and Gracie Joan Cox. No further conveyances of the property had been made.
Spencer Sims filed a petition to sell this real estate for division of the proceeds, naming as defendants Gracie Joan Cox and Farris Lee Cox (hereinafter the two shall be called "Cox"). He filed the petition on January 31, 1990. At trial, on September 16, 1991, Sims amended his petition to specifically claim that he owned an undivided one-half interest in the real estate. Following a nonjury trial, the judge entered a judgment on April 1, 1992, holding, among other things, that the deed from Bruce Rector to Cox was invalid to the extent of the homestead value of $5,000, but was valid to convey his interest above that amount. Thus, the trial court held that Sims owned a one-fourth interest in the real estate plus one-half of the $5,000 homestead value. Sims appeals.
Sims first argues that the deed to Cox was void in its entirety, even as to any excess over the homestead exemption value, because it sought to convey Bruce A. Rector's interest in homestead property without the signature and assent of Catherine Golden Rector.
A "homestead" is generally defined as the home or house where a family resides, where the head of the family dwells, and any adjoining or appurtenant land used for the family's comfort and sustenance. Skipworth v. Skipworth, 383 So.2d 524 (Ala.1980); Gardner v. Roberts, 565 So.2d 638 (Ala.Civ.App.1990). The purpose of the homestead exemption is, within certain limitations, to protect and secure a home for one's family, regardless of financial circumstances. First Alabama Bank of Dothan v. Renfro, 452 So.2d 464 (Ala. 1984). To qualify for the protection afforded by Alabama's homestead exemption, one must be a "resident" and must, in fact, occupy a "home" in the state of Alabama. Brinson v. Edwards, 94 Ala. 447, 10 So. 219 (1891); Gardner v. Roberts. It is undisputed that the real estate involved in this case was the actual place of residence.
Article X, § 205, Alabama Constitution (1901), provides for a "homestead" exemption and imposes restrictions on the alienation of a homestead:
"Every homestead not exceeding eighty acres, and the dwelling and appurtenances thereon, to be selected by the owner thereof, and not in any city, town, or village, or in lieu thereof, at the option of the owner, any lot in a city, town, or village, with the dwelling and appurtenances thereon owned and occupied by any resident of this state, and not exceeding the value of two thousand dollars, shall be exempt from sale on execution or any other process from a court; for any debt contracted since the thirteenth day of July, eighteen hundred and sixty-eight, or after the ratification of this Constitution. Such exemption, however, shall not extend to any mortgage lawfully obtained, but such mortgage or other alienation of said homestead by the owner thereof, if a married man, shall not be valid without the voluntary signature and assent of the wife to the same."

(Emphasis added.)
Sections 6-10-2 and -3, Ala.Code 1975, are essentially codifications of Article X, § 205, of the Alabama Constitution (1901), but with some material differences in acreage (160 acres) and value ($5,000) of real property. As we noted in Worthington v. Palughi, 575 So.2d 1092, 1094 (Ala.1991), "although each of these provisions deals with exemption of the homestead, not the subject of this appeal, they provide a definition of `homestead' useful for purposes of our discussion." Section 6-10-3 provides:
"No mortgage, deed or other conveyance of the homestead by a married person shall be valid without the voluntary signature and assent of the husband or *341 wife, which must be shown by his or her examination before an officer authorized by law to take acknowledgments of deeds, and the certificate of such officer upon, or attached to, such mortgage, deed or other conveyance, which certificate must be substantially in the form of acknowledgment for individuals prescribed by section 35-4-29."
The requirement of a spouse's signature on a conveyance is intended to protect that spouse from a conveyance of the homeplace without his or her consent. Gowens v. Goss, 561 So.2d 519 (Ala.1990); Leonard v. Whitman, 249 Ala. 205, 30 So.2d 241 (1947).
The facts of Worthington v. Palughi are almost identical to those of this case. In Worthington, the Court affirmed a judgment voiding in its entirety, a deed to residential property. The wife owned her residence in her own name. After their marriage, the wife and husband deeded the residence, which had become their homestead, to themselves jointly with the right of survivorship. The wife later attempted to convey a one-half interest in the homeplace to her daughter. Her husband had no knowledge of that conveyance and had not assented to it. The wife's daughter and the husband's administrator opposed each other in court, the daughter seeking to uphold the deed and the administrator seeking to have it voided pursuant to § 6-10-3. The trial court held for the administrator.
On appeal, this Court stated the sole issue to be "whether one spouse can convey to a third party an interest in the homeplace held jointly by both spouses," and held that such a conveyance was "strictly prohibited" by § 6-10-3. 575 So.2d at 1093-94.
Applying the rule in Worthington, we must conclude that the deed from Bruce Rector to Cox is void. The property interest Bruce Rector attempted to convey was clearly an interest in the homeplace owned by him and his wife. Both statutory and case law clearly support the proposition that the signature and assent of the wife are necessary to effectuate the husband's conveyance of homestead property. Because this attempted conveyance of homestead property lacked the signature and assent of Catherine Golden Rector, Sims is entitled to an undivided one-half interest in the land in question by virtue of intestate succession from his mother.
Cox argues that the cases of Inman v. Goodson, 394 So.2d 915 (Ala.1981), and Cole v. Racetrac Petroleum, Inc., 466 So.2d 93 (Ala.1985), are dispositive of this issue and require a different result. We disagree. Those cases are clearly distinguishable from this case and are not controlling on the facts presented here.
In Inman, the holder of an option contract appealed from a judgment declaring that the option to sell property that the grantor and his wife contended was their homestead was void because the option was not signed by the wife. This Court, in reversing, held that "a spouse does not have to sign a conveyance of property by the other spouse which is in excess of and which reserves unto them an amount of property with a value equal to or greater than that required to constitute [a] homestead." 394 So.2d at 916. Because the option contract did not affect the 16 acres on which the husband and wife actually resided, the Court held that the option contract, transferring an interest in 40 acres which, though contiguous, was separated from the 16-acre homestead by a highway, was valid even though the wife had not signed it.
In Cole, Clyde and Louise Lacy, husband and wife, purchased 1.46 acres of land in 1971. Shortly thereafter, Clyde Lacy erected a house on the land, which he and his wife used as their dwelling. In late 1972, Clyde Lacy leased a .32-acre portion of the 1.46 acres, along with a gasoline station he had built on the property, to Racetrac Petroleum, Inc., for 10 years with an option at the end of that period to extend the lease for 10 more years. The wife did not sign the lease.
In January 1973, the Lacys sold the 1.46 acres, including the .32 acres, to Wayne and Betty Cole. The deed of conveyance to the Coles stated that the land was subject to Racetrac's lease. For nine years, the Coles received monthly rental payments *342 from Racetrac. When Racetrac notified the Coles that it wished to renew the lease pursuant to the 1972 agreement, the Coles requested that Racetrac vacate the premises until a new lease was executed.
On appeal, the Coles argued that the homestead laws of Alabama were not complied with. The Coles maintained that "since the 1.46 acres of land that was purchased from Clyde and Louise Lacy was their homestead, any lease concerning the property must have been signed by both spouses or it was void, or at least voidable, at the time of its execution." 466 So.2d at 95. The Court, citing Inman as authority, held that after Clyde Lacy leased the .32-acre portion of the 1.46 acres, the home and land remaining easily exceeded the statutory homestead limit. "Therefore, the lease agreement signed only by Clyde Lacy and not Louise did not violate the homestead requirements." Id.
What makes Inman and Cole distinguishable from this case is that those two cases dealt with property that was clearly severable from what Alabama has traditionally defined as "homestead" property. The property in this case was a 5.13-acre residential tract upon which the Rectors' family residence was located. Bruce Rector attempted to convey his joint interest in property on which the family residence was located.
We conclude, based on the facts in this record, that the conveyance here is of the homestead. To the contrary, Inman and Cole involved conveyances of property that the law did not classify as homestead property subject to the restrictions of § 6-10-3 relating to conveyances of the homestead without the assent of the other spouse. We hold that Bruce Rector's attempted conveyance of a one-half interest in the Rector residence to Cox without the assent of Catherine Golden Rector is "strictly prohibited by § 6-10-3." Worthington, 575 So.2d at 1094.
Cox also asserts that even if such a conveyance is void in its entirety, the right to set aside the conveyance is personal to the spouse of the grantor. Thus, Cox argues that Sims, an heir of Catherine Golden Rector, lacks standing to sue to set aside the conveyance. We have carefully reviewed the record, and we find that this issue was not properly raised below. Therefore, it cannot be considered here for the first time. Brown v. Robinson, 354 So.2d 272 (Ala.1977).
Based on the foregoing, the judgment of the trial court is due to be reversed and the cause remanded.
REVERSED AND REMANDED.
HORNSBY, C.J., and ADAMS, STEAGALL and KENNEDY, JJ., concur.
HOUSTON, J., dissents.
HOUSTON, Justice (dissenting).
I would affirm the judgment of the trial court. I do not believe that the plaintiff had standing to bring this action.