RICHARD L. HOLMES, Retired Appellate Judge.
Jane Pratt appeals from a summary judgment in favor of Lyman Langston, Defreeze Langston, Edna Ruth Hardy, Loraine Riddle, Cathryne Keranen, Caren McWherter, Judy Yates, Kevin Johnson, and Shawn Johnson (hereinafter referred to collectively as defendant landowners). This case is before this court pursuant to Ala.Code 1975, § 12-2-7(6).
In January 1994 Pratt filed a complaint, alleging that she owned an undivided one-half interest in Lots 15, 16, and 17 of the Vestavia Hills Subdivision in Northport, Alabama, and that the defendant landowners owned the other undivided one-half interest in the subject property. Pratt also alleged that the subject property could not be equitably divided or partitioned in kind, and she requested that the trial court order the sale of the subject property and the division of the proceeds.
The defendant landowners filed an answer and a counterclaim, requesting that the trial court determine the ownership of the subject property.
The defendant landowners also filed a summary judgment motion with documentation and a brief in support of their motion. Pratt filed documentation and a brief in opposition to the summary judgment motion.
In May 1995 the trial court issued an order, finding that the deed by which Pratt claimed title to the subject property was void; that Pratt had no right, title, or interest in the subject property; and that the defendant landowners were entitled to have their summary judgment motion granted in *968 their favor by virtue of Ala. Const. art. X, § 205, and Ala.Code 1975, § 6-10-3.
On appeal, Pratt contends that the deed by which she claimed title to the subject property was valid.
Our review of the record reveals the following pertinent facts: Kermit McCrary and his wife, Clara McCrary, owned the subject property as joint tenants with right of survivorship. The McCrarys claimed the subject property as their homestead for numerous tax years, including 1991.
On August 25, 1991, Kermit McCrary executed a deed which conveyed his one-half interest in the subject property to Pratt. This conveyance was subject to a life estate in Lot 17 in favor of Clara McCrary. Clara McCrary did not sign this deed.
A guardianship and conservatorship was created for Clara McCrary on November 5, 1991. The August 1991 deed was recorded on November 5, 1991.
Kermit McCrary died on November 18, 1991. Clara McCrary died on April 3, 1993. The McCrarys did not have any children.
Article X, § 205, provides, in pertinent part:
“[Ajlienation of said homestead by the owner thereof, if a married man, shall not be valid without the voluntary signature and assent of the wife to the same.”
Ala.Code 1975, § 6-10-3, provides, in pertinent part:
“No mortgage, deed, or other conveyance of the homestead by a married person shall be valid without the voluntary signature and assent of the husband or wife.... ”
Our supreme court made the following statements in Sims v. Cox, 611 So.2d 339, 339 (Ala.1992):
“The issue raised in this appeal is whether a husband, who held a joint interest with his wife in homestead property with right of survivorship, could make a conveyance of his interest during the lifetime of his wife without the wife’s signature and assent. We hold that the law of Alabama, under the facts of this case, declares such a conveyance void in its entirety, even as to any excess in the value of the property over the homestead exemption value.”
In Sims, the husband and wife owned certain residential real estate as joint tenants with right of survivorship. The husband and wife lived on the subject property as their homestead.
In March 1985, the husband executed a deed conveying his undivided one-half interest in the subject property to his daughter and son-in-law, Gracie Joan Cox and Parris Lee Cox. The wife did not sign this deed.
The husband died in 1985. The wife died intestate in 1987, leaving a daughter, Gracie Joan Cox, and a son, Spencer Sims. The trial court determined that the son owned a one-fourth interest in the subject property, plus one-half of the $5,000 homestead value.
Our supreme court made the following pertinent statements in its opinion in Sims, 611 So.2d at 341:
“On appeal [in Worthington v. Palughi 575 So.2d 1092, 1093-94 (Ala.1991) ], this Court stated the sole issue to be “whether one spouse can convey to a third party an interest in the homeplace held jointly by both spouses,’ and held that such a conveyance was ‘strictly prohibited’ by § 6-10-3.
“Applying the rule in Worthington, we must conclude that the deed from [the husband] to [the daughter and son-in-law] is void. The property interest [the husband] attempted to convey was clearly an interest in the homeplace owned by him and his wife. Both statutory and case law clearly support the proposition that the signature and assent of the wife are necessary to effectuate the husband’s conveyance of homestead property. Because this attempted conveyance of homestead property lacked the signature and assent of [the wife], [the son] is entitled to an undivided one-half interest in the land in question by virtue of intestate succession from his mother.”
In view of the above-cited cases from our supreme court, this court has no alternative but to affirm the trial court’s actions. Ala. Code 1975, § 12-3-16, mandates this court to *969 follow the decisions of our supreme court. Consequently, the judgment of the trial court is due to be affirmed.
, „ . . . , , The foregoing opinion was prepared by Retired Appellate Judge RICHARD L. HOLMES while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Ala.Code 1975.
AFFIRMED.
All the judges concur.