**In re Pauline M. MILLER, Debtor.**

**Pauline M. Miller, Plaintiff,**

v.

**Defort Bowen and Louise E. Crow, Defendant.**

**Bankruptcy No. 9:05–bk–25874–ALP.**
**Adversary No. 9:06–ap–00196–ALP.**

United States Bankruptcy Court,
M.D. Florida,
Fort Myers Division.

Sept. 15, 2006.

L. Murray Fitzhugh, Venice, FL, for Debtor.

### ORDER ON DEFENDANT BOWEN'S MOTION FOR SUMMARY JUDGMENT AND PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
(Doc. No. 25 and 30)

ALEXANDER L. PASKAY,
Bankruptcy Judge.

THE MATTER in controversy in this Chapter 13 case of Pauline M. Miller (the Debtor) is the validity *vel non* of a certain warranty deed executed by Thelma Bowen (Mrs. Bowen), the deceased wife of DeFort Bowen (Mr. Bowen), who is one of the Defendants named in this Adversary Proceeding filed by the Debtor. The Debtor also named Mrs. Bowen's daughter, Louise

Crow (Ms. Crow) as a Defendant. Ms. Crow also claims an interest in the real property which is the subject of this Adversary Proceeding. Both counsel for the Debtor and counsel for Mr. Bowen filed their respective Motions for Summary Judgment contending that the relevant facts governing the validity of the certain deed are without dispute and, based on the same, they are entitled to a determination of the issues raised in their respective favor as a matter of law.

The record reveals that there are indeed no genuine issues of material fact yet to be resolved and the undisputed facts can be summarized as follows.

On November 25, 2002, Mr. and Mrs. Bowen, as joint tenants with rights of survivorship, purchased the real property located in Vinegar Bend, Washington County, Alabama (the Property). (Bowen's Affidavit, Exhibit B). The Property consist of one residence located on 40 acres of land. The Property was acquired for the total purchase price of $ 80,000 with a $ 10,000 down payment and the balance secured by a mortgage executed both by Mr. and Mrs. Bowen. (Bowen's Affidavit, Exhibit C). The current outstanding principle balance on the mortgage is approximately $ 75,000. It appears from the record that the couple moved into the home, resided in the same, and claimed the Property under the Alabama homestead exemption with the Washington County Revenue Commissioner. (Bowen's Affidavit, Exhibit D).

On October 4, 2004, Mrs. Bowen was diagnosed with terminal cancer. (Bowen's Affidavit, Exhibit E). Sometime in mid-January 2005, Ms. Crow took Mrs. Bowen to Mobile, Alabama so she could be cared for by Mrs. Bowen's sister, Linda LaFoy. It is without dispute that on February 24, 2005, unknown to Mr. Bowen, Mrs. Bowen,

as a married woman, executed and recorded a warranty deed conveying her interest in the Washington County property to her two daughters, Louise E. Crow and Pauline Miller. (Bowen's Affidavit, Exhibit F). Mrs. Bowen died on May 26, 2005. After Mrs. Bowen's death, Mr. Bowen has continuously maintained the property located in Vinegar Bend, Alabama as his homestead. These are the basic facts, which according to both the Debtor and the Defendant warranted their respective Motions for Summary Judgment.

The essence of the issue before this Court is whether one spouse can convey to a third party an interest in homestead property that is held as joint tenants with rights of survivorship. It is the contention of counsel for Mr. Bowen that Section 6–10–3 of the Code of Alabama, 1975, as amended, specifically prohibits one spouse from conveying homestead property to a third person without obtaining the assent of the other spouse. Thus, based on Section 6–10–3 of the Alabama Code, the warranty deed executed by Mrs. Bowen which conveyed her interest to the homestead property is void as a matter of law. In addition to Section 6–10–3, counsel for Mr. Bowen cites the cases of *Worthington v. Palughi*, 575 So.2d 1092 (Ala.1991); *Sims v. Cox*, 611 So.2d 339 (Ala.1992); *Pratt v. Langston*, 669 So.2d 967 (Ala.Civ.App. 1995) in support of his position.

Article X, Section 205, of the Alabama Constitution (1901), provides for the definition of "homestead" exemption and provides in pertinent part:

> Every homestead not exceeding eight acres, and the dwelling and appurtenances thereon, to be selected by the owner thereof, at the option of the owner, any lot in a city, town, or village, *with the dwelling and appurtenances thereon owned and occupied by any resident of this state,* and not exceeding in value of two thousand dollars, shall be exempt from sale on execution or any other process from a court; for any debt contracted sense the thirteenth day of July, eighteen hundred and sixty-eight, or after the ratification of this Constitution. Such exemption, however, shall not extend to any mortgage lawfully obtained, *but such mortgage or other alienation of said homestead by the owner therefor, if a married man, shall not be valid without the voluntary signature and assent of the wife to the same.* (Emphasis added.)

Section 6–10–3, Code of Alabama, 1975, as amended, is for all intents and purposes a codification of Article X, Section 205, of the Alabama Constitution (1901). The material differences between Article X, Section 205 of the Alabama Constitution (1901) and Section 6–10–3 of the Alabama Code is that the Code provides for 160 acres and $ 5,000 of real property. Section 6–10–3 of the Alabama Code provides, as does Article X, Section 205 of the Alabama Constitution (1901), a clear definition of homestead property. Section 6–10–3 of the Alabama Code provides in part:

> No mortgage, *deed or other conveyance of the homestead by a married person shall be valid without the voluntary signature and assent of the husband or wife,* which must be shown by his or her examination before an officer authorized by law to take acknowledgment of deeds, and the certificate of such officer upon, or attached to, such mortgage, deed or other conveyance, which certificate must be substantially in form of acknowledgment for individuals prescribed by Section 35–4–20. (Emphasis added).

According to the Affidavit of the Debtor, the value of the homestead property exceeded $150,000. It is without dispute that the equity in the subject property is

substantially more than the amount allowable under Article X, Section 205 of the Alabama Constitution (1901) and Section 6–10–3 of the Alabama Code. Nonetheless, the matter before this Court is whether the conveyance of the "homestead property" by Mrs. Bowen is valid without the "assent" of Mr. Bowen and not whether the exemption applies to the Property within this controversy.

Counsel for the Debtor cites in support on his contention the cases of *Inman v. Goodson,* 394 So.2d 915 (Ala.1981) and *Allagood v. DuBose,* 286 Ala. 559, 243 So.2d 668 (1971).

In *Inman,* the Supreme Court reversed the trial court that determined that an option to sell property, alleged to be the homestead of the grantor and his wife was void because the wife did not sign the option. The Supreme Court in reversing the trial court, held that "a spouse does not have to sign a conveyance of property by the other spouse which is in excess of and which reserves unto them an amount of property with a value equal to or greater than that required to constitute [a] 'homestead.'" 394 So.2d at 916. The Court held that because the option contract did not affect 16 acres on which the husband and wife resided, and since the 40 acres was separated from the 16–acre homestead by a highway, the option was not invalid because the wife did not sign the contact.

In the case *Allagood,* the Supreme Court held that "[w]here the conveyance is of a larger tract, including the homestead, which has not been selected or set apart, the conveyance is valid as to the excess over and above the quantity to which the owner is entitled by way of exemption." 243 So.2d at 670. However, the Court further stated that, "with the reserved power of the grantor, or his widow or a minor child, if any, 'to withdraw the ex-

empted portion from the operation of the conveyance, by some proper act of selection' under the law then existing." The Court held since the widow of the grantor did not assert to seek to establish a claim, and the homestead rights of the widow expired at the widow's death, a stranger cannot invoke judicial powers to set aside homestead when those in whose favor it existed did not assert to establish the claim.

*Inman* and *Allagood* are distinguishable from the present case before this Court. *Inman* dealt with property which was severable from what Alabama defines as "homestead." *Allagood* dealt with property conveyed by one spouse without the consent of the other spouse, however, no effort was made to judicially ascertain the homestead under the laws in effect in 1932 by the widow of the grantor and, therefore, such could not be ascertained by a stranger.

The Property involved currently before this Court is distinguishable, in that, it involves a 40 acre residential tract of land where the Bowen's home is located. Moreover, the conveyance by Mrs. Bowen was an attempt to transfer her interest in the real property, including that portion of property which Mr. Bowen continued to claim as exempt, without the signature of Mr. Bowen. Furthermore, the property involved in this case is the actual place of residence of Mr. Bowen. Thus, the facts in this case are squarely on point with the facts in the case of *Worthington v. Palughi, supra,* and the other cases cited by counsel for Mr. Bowen.

In *Worthington,* the Supreme Court of Alabama held, "[i]t is clear that the requirement on a conveyance is intended to protect the spouse on a conveyance of the homeplace without his or her assent." (citing *Gowens v. Goss,* 561 So.2d 519 (Ala. 1990), and *Leonard v. Whitman,* 249 Ala.

205, 30 So.2d 241 (1947)). The Court further noted, "[f]or this requirement to be applicable, it is necessary that the property in question be the actual place of residence." (citing *Wildman v. Means,* 208 Ala. 487, 94 So. 823 (1922)). Therefore, based on the foregoing, the Court held that Mrs. Field attempted to convey her one-half interest in the homestead property to a third person, her daughter, Shirley T. Worthington, without her spouse, Mr. Field, assenting to the conveyance was "strictly prohibited" by Section 6–10–3 of the Alabama Code. 575 So.2d at 1094.

In the case of *Sims v. Cox, supra,* the Supreme Court in applying the rule in *Worthington* held, that the conveyance of "homestead property" during the decedent's lifetime, without the signature or assent of the spouse, was "void in its entirety, even as to any excess in the value of the property over the homestead exemption value." 611 So.2d at 339. The Court concluded, "[b]oth statutory and case law clearly support the proposition that *the signature and assent of the wife are necessary to effectuate the husband's conveyance of homestead property.*" 611 So.2d at 341. (Emphasis added).

In sum, this Court is satisfied as a matter of Alabama law: (1) the Property involved in this controversy does constitute "homestead property"; (1) that the warranty deed executed by Mrs. Bowen on February 24, 2005, was strictly prohibited by Section 6–10–3 of the Alabama Code and, therefore, void in its entirety, even as to any excess in value over homestead exemption value; (3) that neither Pauline M. Miller, Louise E. Crow, nor the Bankruptcy Estate of the Debtor acquired any interest in the homestead property of Mr. and Mrs. Bowen; (4) that the Property involved is in fact the actual place of residence of Mr. Bowen. Based on the foregoing, this Court is satisfied that the conveyance by Mrs. Bowen to her daughters is null and void.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that Defendant Bowen's Motion for Summary Judgment (Doc. No. 25) be, and the same is hereby, granted. It is further

ORDERED, ADJUDGED AND DECREED that the Motion for Summary Judgment filed by Pauline Miller (Doc. No. 30) be, and the same is hereby, denied. It is further

ORDERED, ADJUDGED AND DECREED that a separate final judgment shall be entered in accordance with the foregoing.